## STATE v. TAYLOR.

1. An indictment which charges a single offense substantially in the lan-guage of subdivision 1 of section 6698 of the Compiled Laws is sufficient.

2. Where an indictment states that the offense alleged therein was commit-ted at a specified time, and at a designated place within the jurisdic-tion of the court, no other time or place being mentioned, a subsequent averment of the traversable facts constituting the offense charged to have been committed "at the time and place aforesaid" sufficiently lays the venue thereof.

3. In determining the legislative intention, specific statutory provisions re-lating to a particular subject must govern in respect to such subject, as against general provisions and those which do not by a fair and reasonable interpretation include the offense charged.

4. Section 1665 of the Compiled Laws examined, and *held* to be effectual for no purpose.

5. The state is a "body politic," and not an association, society, or corporarion, within the meaning of section 6797 of the Compiled Laws.

6. A state treasurer who has unlawfully appropriated to his own use money belonging to the state, which came into his custody by operation of law, is an offender occupying no position specified in sections 6796 or 6799 of the Compiled Laws, nor one who sustains any relation to the property therein made the subject of embezzlement.

7. Where the judgment of a circuit court is erroneous only in that it imposes a longer term of imprisonment than is authorized by law, this court may, upon writ of error, under section 7521 of the Compiled Laws, modify such judgment by striking therefrom the words employed in designating the duration of imprisonment, and by inserting in lieu thereof the maximum penalty allowed by law.

(Syllabus by the Court. Opinion filed Oct. 12, 1895.)

Error to circuit court, Hughes county. Hon. LORING E. GAFFY, Judge.

William Walter Taylor, having been convicted of embezzlement, brings error. Modified.

The facts are stated in the opinion.

*Horner & Stewart*, for plaintiff in error.

Embezzlement is purely a statutory offense, created to reach a class of offenses, not punishable as larceny. 2 Bishop, Crim. Law, 318; 6 Am. & Eng. Ency. Law, 451; 1 Whorton Crim. Law, 1009. The state is not an association, society, or corporation, but a body politic. 23 Am. & Eng. Ency. Law, 72; Anderson's Law Dict. 969; Bouvier's Law Dict. 542; 1 Vattel's Law of Natione. An indictment, under a statute defining the offense of embezzlement, must state the fiduciary relation of the defendant in the same words used in the statute. Hamuel v. State, 5 Mo. 260; People v. Allen, 5 Denio 76; Budd v. State, 39 Am. Dec. 189. In drawing indictments, statutory exceptions when contained in the charging part of the statute, must be negatived. Whorton's Crim. Pl. & Pr. 240; U. S. v. Cook, 17 Wall. 168; State v. Mims, 2 N. W, 132. The facts or ingredients of which the offense is alleged to consist dominate and

control the punishment, not the name which a prosecution may give it. State v. Butcher, 1 S. D. 401; Id. v. Burchard, 4 Id. 548.

A statute defining a particular offense, and providing a punishment therefor, controls and governs an offense of that kind in preference to a general statute. Felt Sr. v. Felt Jr., 19 Wis. 211; State v. Goetze, 22 Id. 363; Commonwealth v. Huntley, 156 Mass. 239; Potter Dwarris on Stat. 273; Sutherland Stat. Const. 157; Bishop's Stat. Cr. 112. A judgment rendered by a court in a criminal case must conform strictly to the statute, and any variation from its provisions either in the character or extent of the punishment inflicted renders the judgment absolutely void. Graham Case, 138 U. S. 461; *Ex parte* Lange, 18 Wall. 176; *Ex parte* Neilson, 131 U. S. 182; *Ex parte* Siebold, 100 *Id.* 371; *In re* Mills, 135 *Id.* 270; *Ex parte* Parks, 93 *Id.* 18; *Ex parte* Virginia, 100 *Id.* 33; *Ex parte* Rowland, 104 *Id.* 604; *In re* Coy, 127 *Id.* 731; Hans Neilson 131 *Id.* 176. Jurisdiction of the person, place and subject matter is not the only essential necessary to render the judgment of a court valid, but it must have power and jurisdiction to render the particular judgment, or its judgment will be void. Black, Judg. 258; Church, *Hab. Corp.* 368; Brown on Juris. 101; *Ex parte* Cox, 32 Pac. 197; *Ex parte* Page, 49 Mo. 291; People v. Risely, 38 Hun. 280; *Id.* v. Carter, 48 *Id.* 165; *Ex parte* Bernert, 62 Cal. 533; Feeley's Case, 12 Cush. 598; *Ex parte* Long, 87 Ala. 46; *Ex parte* Reynolds, 87 Ala. 138; *Ex parte* McGrew, 40 Tex. 472; *Ex parte* Kelly, 65 Cal. 134; *Ex parte* Sylvester, 81 Cal. 199; Lefforge v. State, 29 N. E. 34; Seamster v. Blackstock, 83 Va. 233; Miller v. Snyder, 6 Ind. 7; King v. Ellis, 5 Barn. & C. 365; *Id.* v. Bourne, 7 Ad. & E. 58. Omitting to conclude an indictment in the words: "and against the form of the statutes in such cases made and provided," is fatal to it. Stevens v. State, 18 Fla. 903; Downing v. State, 66 Ga. 160; McCullough v. Com., Hard. 95; Com. v. Hoye, 77 Mass. 462; Reed v. Northfield, 30 *Id.* 94; Com. v. Cooley, 27 *Id.* 37; Com. v. Stockbridge, 11 *Id.* 279; Com. v. Springfield, 7 *Id.*

279; Com. v. Northampton, 2 *Id.* 116; State v. Buckman, 8. N. H. 203; State v. Dayton, 23 N. J. L. 49; People v. Enoch, 13 Wend. 159; State v. Jim, 3 Murph. 3; State v. Minton, Phill. 196; Warner v. Com. 1 Pa. St. 154; Com. v. Searle, 2 Binn. 332; Chapman v. Com. 5 Whart. 427; Respublica v. Newell, 3 Yates 407; State v. Wilbor, 1 R. I. 199, State v. Gray, 14 Rich. 174; State v. Soragan, 40 Vt. 450; U. S. v. LaCoste, 2 Mason C. C. 129.

*Coe I. Crawford,* Atty. Gen., and *John A. Holmes,* State's Attorney, for defendant in error.

A plaintiff in error having made no motion in arrest of judgment and no motion for a new trial, and having procured no bill of exceptions, his writ of error brings up for review the final judgment of conviction only. Chase v. State, 50 Wis. 510; People v. Guidici, 7 Crim. L. Mag. 338; State v. Reed, 1 S. W. 225; State v. Brooks, 5 S. W. 257; Id. v. Chee Chong, 21 Pac. 882, Comm. v. Ware, 20 Atl. 806; State v. Murphy, 31 Pac. 513; Id. v. Jones, 11 So. 827; Id. v. Hagan, 12 Id. 929. Objections not apparent on the face of the indictment are not grounds of demurrer. Abb. Tr. Brief in Crim. Causes, 19; U. S. v. Howard, 1 Sawyer, 507; State v. Briggs, 27 N. W. 358; State v. Baughner, 59 N. W. 736; People v. Odell, 1 Dak. 189. The crime of embezzlement by the custodian of public funds under the statute, consists of the conversion of public money to his own use and a failure to account for the same, and an indictment for the offense must charge not only the conversion, but also the failure to account. 6 Am. & Eng. Ency. Law. 496; State v. Parsons, 54 Ia. 405; *Id.* v. Goran, 2 S. W. 347; *Id.* v. Hebal, 72 Ind. 461; Comm. v, Menzer, 29 Atl. 720; State v. Muus, 2 N. W. 683. No demand is necessary on the part of the successor for the money not turned over by a public official at the expiration of his term. Holingworth v. State, 12 N. E. 494. State v. Manson, 8 N. E. 716; Comm. v. Tuckerman 10 Gray, 173; *Id.* v. Hussey, 111 Mass. 432; Clay v. Simonson, 1 Dak. 387. An indictment need not conclude with the words

"and against the form of the statute in such case made and provided." State v. Anndan, 58 Vt. 524; Henderson v. People, 8 Crim. L. Mag. 327; State v. Williamson, 81 N. C. 540; Comm. v. Paxton, 36 Leg. Int. 444; Packer v. People, 8 Pac. 566; Comm. v. Kennedy, 15 B. Mon. 531; Brown v. State, 13 Ark. 96; Chiles v. Comm. 2 Va. Cases, 260; People v. O'Brien, 64 Cal. 53; State v. Schloss, 6 S. W. 245; *Id.* v. Meridith, 2 Mo. App. 7; *Id.* v. Kirkman, 10 S. E. 312; *Id.* v. Darr, 19 Atl. 861; *Id.* v. Harris, 11 S. E. 377; State v. Peters, 12 S. E. 74; People v. Biggins, 65 Cal. 564. Embezzlement is the fraudulent conversion of personal property after the possession has been lawfully acquired. Sunco v. State, 8 Tex. App. 406; 1 Wharton Cr. Law, 1009. By a plea of guilty a defendant confesses the indictment to be wholly true, and therefore that his guil- is that charged and not a less degree, 8 Crim. Law Mag. 286; People v. Goldstein, 32 Cal. 432.

FULLER, J. From the record before us it appears that on the 13th day of August, 1895, plaintiff in error was arraigned in circuit court upon an indictment returned by the grand jury of Hughes county on the 17th day of May immediately preceding, and at a regularly adjourned term of said court. Omitting formal allegations, the indictment is as follows: "That William Walter Taylor, late of said county, yeoman, on the 8th day of January, in the year of our Lord one thousand eight hundred and ninety five, at the county of Hughes and state of South Dakota, did commit the crime of embezzlement, for that on said day the said William Walter Taylor had in his custody and possession the cash sum of three hundred and sixty-seven thousand and twenty-three dollars and eighty-four cents, lawful money of the United States, and of the cash value of three hundred and sixty-seven thousand and twenty-three dollars and eighty-four cents, which said money was then and there the property of the state of South Dakota, and had theretofore been collected by and received by the said William Walter Tay-

lor as the duly elected, qualified, and acting treasurer of said
state, and in virtue of his official capacity as such treasurer for
and in behalf of said state of South Dakota, as public funds and
revenues belonging thereto.   That at the time of collecting and
receiving the said money for and in behalf of said state of
South Dakota, as aforesaid, the said William Walter Taylor
was in truth and fact the duly elected, qualified, and acting
treasurer of said state.   That on said day the duly elected,
qualified, and acting successor of the said William Walter Tay-
lor, one Kirk G. Phillips, who became in truth and fact the
duly elected, qualified, and acting treasurer of the state of
South Dakota on the said 8th day of January, 1895, demanded
of the said William Walter Taylor that he pay over the afore-
said money to him, the said Kirk G. Phillips, his duly elected,
qualified, and acting successor, as aforesaid, which the said
William Walter Taylor then and there wrongfully and felon-
iously neglected and still neglects to do.   And that, at the time
and place aforesaid, the said William Walter Taylor did unlaw-
fully and feloniously, with intent to deprive the owner thereof,
fraudulently appropriate and convert the aforesaid sum of three
hundred and sixty-seven thousand and twenty-three dollars and
eighty-four cents, the property of the state of South Dakota,
as aforesaid, and of the value aforesaid, to his own use, against
the peace and dignity of the state of South Dakota." The
court overruled a demurrer to this indictment interposed by
the accused, in which the grounds relied upon in this court are
specified as follows:  "(1)   *   *   *   (2) That more than one
offense is charged in said indictment; (3) That the facts stated
do not constitute a public offense." Upon a plea of guilty as
charged in the indictment, the accused was sentenced to a term
of five years in the penitentiary, and this judgment of convic-
tion and the ruling of the court upon the demurrer are here
presented by a writ of error for our examination and review.

As everything required to bring the crime charged within
the statute by which the offense is created must be averred in

the indictment, a studious and careful examination of certain sections of the Compiled Laws, to which our attention is directed by the argument and briefs of counsel, will be essential to a proper consideration of the indictment as to its sufficiency, as well as to a determination of other important questions to which the assignments of error relate. "Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted." Comp. Laws, § 6796. Omitting, for the sake of brevity, portions having no application to this case, section 1665 is as follows: "If any county treasurer or other officer or person charged with the collection, receipt, safe-keeping, transfer or disbursement of the public money or any part thereof, belonging to the state or any county, precinct, district, city, town or school district in this state, shall convert to his own use, * * * every such act shall be deemed and held in law to be an embezzlement of so much of said money or other property, as aforesaid, as shall be thus converted," etc. The section further provides that upon conviction such officer shall be sentenced to imprisonment in the penitentiary for a term of not more than twenty-one years nor less than one year, according to the magnitude of the embezzlement, and also to pay a fine equal to double the amount of money or other property so embezzled. It will be noticed that the provision mentions no property other than money which might be embezzled in any event, and that the section entirely fails to specify, state, or enumerate what or whose property, money, or thing is intended to be made the subject of embezzlement. By thus omitting this essential constituent and substantive element, the attempt of the legislature to enact a law by which an officer of his state to whom has been committed the custody of public moneys and property may be punished for the embezzlement thereof, according to the magnitude of the offense, comes to naught, and is effectual for no purpose. To further exemplify, we take from section 5712 of the Consolidated Statutes of Nebraska, of which our enactment appears to be a defective copy,

and insert in the space indicated by stars in the above quota-
tion, from section 1665, the following, which is omitted there-
from: "Any portion of the public money, or any other funds,
property, bonds, securities, assets, or effects of any kind, re-
ceived, controlled or held by him for safe-keeping, transfer or
disbursment, or in any other way or manner, or for any other
purpose." A cursory reading of our statute, without any at-
tempt at a close analysis, exhibits at once the important fact
that the very subject of the embezzlement is, perchance through
oversight or inadvertance, entirely and conspicuously omitted;
thus leaving absolutely nothing for the act named "embezzle-
ment" to operate upon. Manifestly, then, section 1665 is in
form but a skeleton, in substance inanimate, and obscurely
sepulchered in the Political Code, apart from its kindred.

Embezzlement being a crime wholly created by statute, the
facts stated in the indictment, considered in the light of the
statutory provisions and definitions, rather than by what the
pleader has informally chosen to characterize the "offense,"
must dominate in determining the sufficiency of the allegations
therein contained to state a public offense. From a careful ex-
amination of all our statutory enactments relating to the sub-
ject being considered, the writer is unable to conceive a case of
embezzlement that could not be brought directly within some
ample statutory provision had section 1665, like the Nebraska
law, been rendered operative and effectual.

The remaining sections of the Compiled Laws upon which
counsel for the state measurably rely to sustain the indictment
and conviction thereunder are as follows: Section 6797: "If
any person, being an officer, director, trustee, clerk, servant or
agent of any association, society or corporation, public or pri-
vate, fraudulently appropriates to any use or purpose not in
the due and lawful execution of his trust, any property which
he has in his possession or under his control in virtue of his
trust, or secretes it with a fraudulent intent to appropriate
it to such use or purpose, he is guilty of embezzle-

ment."   Section 6799:   "If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise intrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose, fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement." Section 6807:   "Every person guilty of embezzlement is punishable in the manner prescribed for feloniously stealing property of the value of that embezzled.   *   *   *" which is, in case the property is taken from the person of another or exceeds $20 in value, by imprisonment in the penitentiary not exceeding five years."   Sections 6783, 6784.

As the capacity in which the property was received or came into the possession or under the control of one who has embezzled the same becomes vitally important in fixing his status or relation to the offense under the statute, and must be distinctly averred and proved, we are called upon to determine whether a state treasurer who has appropriated to his own use money belonging to the state may be brought within the purview of either provision of any of the above-quoted sections of the statute.   The property which Section 6797 makes the subject of embezzlement is that of an "association, society or corporation, public or private," and the person by whom the offense may be committed must be either an officer, director, trustee, clerk, servant or agent" thereof.   In its ordinary acceptation, and as used in statutes, the word "association" means "a body of persons invested with some, yet not full, corporate rights and powers; as, a joint-stock association, a building and loan association."   And. Law Dict. 85.   "A society is a number of persons united together by mutual consent, in order to deliberate, determine and act jointly for some common purpose."   2 Bouv. Law Dict. 529.   Private corporations are defined by statute to be those "formed for the purpose of relig-

ion, benevolence, education, art, literature or profit." Comp.
Laws, Sec. 2896. "Public corporations are formed or organ-
ized for the government of a portion of the state. Such cor-
porations are regulated by the Political Code, or by local stat-
ute." *Id.* Sec. 2895. Clearly, the accused was not acting in any
capacity mentioned in Section 6797; and that the state of South
Dakota was not "formed or organized for the government of a
portion of the state" is a fact too obvious to merit any discus-
sion. "A state is a body politic; the whole body of people who
are united under one government, whatever may be the form of
the government; a nation." Webst. Int. Dict. p. 1405. "A
body politic. The section of territory occupied by a state, as
the state of Pennsylvania; one of the commonwealths which
form the United States of America." 2 Bouv. Law Dict. 542.
"A state is a body politic, or society of men, united together
for the purpose of promoting their mutual safety and advan-
tage by the joint efforts of their combined strength." 23 Am.
& Eng. Enc. Law, 72. The term "corporation" used in our
statutes, never includes the state, as sections 4721 and 4732
negative the idea, and provide that "words used in any statute
are to be understood in their ordinary sense," and, "wherever the
meaning of the word or phrase is defined in any statute, such
definition is applicable to the same word or phrase wherever it
occurs, except where a contrary intention plainly appears."
"The word 'state,' when applied to the different parts of the
United States, includes the District of Columbia and the terri-
tories." Comp. Laws Section 4807. It has thus been seen that
the legislature has in express terms defined the words "corpor-
ation and "state," and has declared that the statutory defini-
tion is applicable to the same words wherever they occur in the
statute, except where a contrary intention clearly appears, and
such definitions therefore must be accepted as conclusive.

Concerning sections 1 and 2 of chapter 23 of the General
Statutes of Kansas, being the same as our 2894 and 2895, the
eminent and renowned Judge Brewer, in discussing the identical

proposition said: "There can be no pretense that the state is included within the second class. In no sense is it a private corporation, neither does it come within the definition of the first class. 'The government of a portion of the state' is the language. Now the greater may sometimes include the less, but never the less the greater. An organization whose object is the government of the state as a whole is not included within a term which is limited to those organizations whose object is the government of only a portion of the state. · In other words, the legislature has expressly said that in using the term 'public corporation' it means only those limited and local organizations, such as counties, cities, etc., to which it intrusts the government of portions of the state. With such an express affirmation of its intent in the use of the term, it would be simply an usurpation of the courts to hold that the term includes something more. Supporting this conclusion, if it needs any support, it may be remarked that the same legislature made provision for the punishment of any embezzlement of the state treasurer, defining the offense and imposing a penalty therefor." State v. Bankroft, 22 Kan. 203. The last observation of Judge Brewer above quoted applies with manifold force to sections 6797 and 6799.

Regardful of the fact that some treasurer of this state might prove to be an unworthy and dishonest custodian of its money and other property, and in anticipation of the various methods and devices which might be employed and resorted to by such official, the legislature by the enactment of section 1665, having always in view the existence and scope of sections 6797–6799, undertook to enact a law rightfully denominated "embezzlement," and which, if effectual, would cover the case before us, and justify a sentence of imprisonment in the penitentiary at hard labor, for a term of 21 years, and a fine of $734,000, operating as a judgment at law in favor of the state and against the accused. According to a canon of construction to the bench and bar well known and understood, specific statutory or

constitutional provisions relating to a particular subject, passed or adopted contemporaneously or otherwise, govern in respect to such subject as against general provisions, even though contained in the same act or provision. Suth. St. Const p. 213. Although there is apparently no conflict between any of the sections of our statute under consideration, the foregoing rule is serviceable in determining the legislative intention as expressed in the various sections defining and describing the crime of embezzlement, and in this respect all that has been said concerning section 6797 applies with equal force to section 6799.

Plaintiff in error was in fact, and is in the indictment denominated, the duly elected, qualified and acting treasurer of the state of South Dakota, having in his custody the moneys belonging to the state; not as a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor administrator, or collector, nor in the capacity of a private person, but in the public capacity of a component part of a sovereign state, into the treasury of which the money had come by operation of law. Mr. Mechem, in his excellent treatise, defines a public office and officer as follows: "A public office is the right, authority, and duty, created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. The individual so invested is a public officer." The funds fraudulently appropriated by the accused came into a department of this state. The law had not intrusted to him the control thereof for any purpose, private public, or benevolent; as in the ordinary sense of the term, the word is synonymous with "management," "regulate," and "direct." By the act of controlling, managing, regulating, and directing the funds of the state, the crime was committed. A state treasurer is, by virtue of his office, a custodian of the revenues belonging to the state; and a "custodian," in the ordinary sense of the word, is one whose duty it is to watch, guard,

and account for that which is committed to his custody. By placing upon section 6799 a construction broad enough to include the present case, we would be forced to say, in effect, that no case of embezzlement can be imagined or charged in an indictment to which its provisions do not apply with equal or greater force, and that all other legislation upon the subject is but the idle and useless act of the lawmaking power. It cannot be said that a legislature in statutory enactments specifically describing every species of property, other than the revenues of the state, which might become the subject of embezzlement, and enumerating the various relations of person thereto, and describing the particular acts constituting the offense, and fixing five years as the maximum penalty therefor, ever intended to include incidentally, without name or description, the chief financial officer of the state, for the offenses of whom, it was thought, ample statutory provisions already existed. Mr. Bishop, in his work on Statutory Crimes, at page 190 says: "A penal statute cannot be extended by implication or construction to cases within the mischief, if they are not at the same time within the terms of the act, fairly and reasonably interpreted." Again, at page 231: "If the thing done is not within the intention of the lawmakers, it is not within the law, though within the letter." Page 232: "The doctrine is commonly stated in terms somewhat narrower than the above; namely, that the acts to be punished must come, not only within the words of the statute, but within its reason and spirit, and the mischief it was intended to remedy."

We conclude, therefore, that the indictment describes no offender occupying either position specified in section 6797 or 6799, or one who sustains the alleged or any relation to the property named therein, and that the offense charged comes within no provision of the chapter of the Penal Code in which such sections are found. Not to the pleader nor to the courts, but to the legislature is delegated the power to name and define statutory crimes, to fix the penalty, and specify what particular

acts in the nature of breaches of trust constitute a felony, statutory larceny, or the crime of embezzlement.

In addition to section 1665, which, although fatally defective, was designed to specify the particular acts of a state treasurer which were declared to constitute the crime of embezzlement, the legislature has, under the title "Crimes against the Revenue and Property of the State," in section 6698 of the Compiled Laws, provided that "every public officer, and every deputy or clerk of any such officer, and every other person receiving any moneys on behalf of or for account of this state, or of any department of the goverment of this state, or of any bureau or fund created by law, and in which this state, or the people thereof, are directly or indirectly interested, who either (1) appropriates to his own use, or to the use of any person not entitled thereto, without authority of law, any money received by him as such officer, clerk or deputy, or otherwise, on behalf of this state, or the people thereof, or in which they are interested or (2) knowingly keeps any false account, or makes any false entry or erasure in any account of or relating to any moneys so received by him, on behalf of the state, or the said people, or in which they are interested; or (3) fraudulently alters, falsifies, conceals, destroys or obliterates any such account; or (4) willfully omits or refuses to pay over to this state, or its officer or agent authorized by law to receive the same, any money received by him under any duty imposed by the law so to pay over the same, is guilty of a felony." It will be observed that the word "fraudulently" is not used in subdivision 1 of the section above quoted, and, that to constitute the offense of embezzlement under the statutory definition, property must be fraudulently appropriated. Comp. Laws, Sec. 6796. Again, in the same connection: "Upon any indictment for embezzlement, it is a sufficient defense that the property was appropriated openly and avowedly, and under a claim of title preferred in good faith even though such claim is untenable." *Id.* Sec. 6804. Where the gist of the offense is the intent to defraud, an indictment

from which the word "fraudulently" was omitted has been held to be insufficient, although the pleader used in its stead the words "willfully and feloniously." Bish. St. Crimes, 464. In the discussion of crimes purely statutory, Mr. Bishop, in his work upon that subject, at page 1022, says: "Where the statute is silent as to the defendant's intent or knowledge, the indictment need not allege or the government's evidence show that he knew the fact. His being misled concerning it is matter for him to set up in defense and prove." Presumably, the legislature, believing section 1665 to be a valid law, passed section 6698 with full knowledge of the existence and scope of all the provisions describing offenses denominated "embezzlement"; and the omission of the word "fraudulently" from subdivision 1 thereof, and the declaration that he who violates any of its provisions "is guilty of a felony," manifest an intention to enact a law covering offenses similar in some respects, though considered less flagrant in their character than the crimes for which ample provision was presumed to exist.

As already intimated, the embarrassment and whole difficulty of the situation grows out of the failure of section 1665. If that section could have been held good, it is probable that no state's attorney would ever have thought of bringing this prosecution under any other provision of the law, for, of the whole body of the penal laws of the state, it is that very section which attempts to particularly describe, and to provide the punisment for, the very offense charged against plaintiff in error. That section being plainly abortive, the state was compelled to explore the whole field of penal statutes relating to offenses of the same family for some statute which; though not like section 1665, framed with particular reference to this offense or specifically designed to reach it, might in general terms be construed to include it. The legislature has deliberately undertaken, by specific and particular enactments, to punish every misappropriation of public moneys by a public officer—First, by said section 1665, directed against fraudulent

appropriations; and second, by section 6698, directed against wrongful and illegal appropriations, but which may not be deliberately fraudulent. The statute directed against and punishing such fraudulent appropriations being a failure, the state may and must, there being no other statute covering the case, resort to the second statute (section 6698), directed against misappropriations generally, for a fraudulent appropriation includes an illegal appropriation.

Counsel's contention that the facts stated in the indictment do not constitute a public offense under any provision of section 6698 is untenable, and cannot prevail. The indictment states, in effect, that, at the time and place the offense was committed, the accused was in truth and in fact, the duly elected, qualified, and acting treasurer of this state, that in his official capacity he received and had in his custody the money described therein belonging to the state; and that he did then and there unlawfully and fraudulently appropriate the same to his own use. The adverb "unlawfully," used in the indictment, is equivalent to, synonymous with, and fully takes the place of, the adverbial phrase "without authority of law," employed in subdivision 1 of section 6698; and, by eliminating or disregarding surplusage, it is plain to be seen that the indictment states substantially, in the language of said statute, an offense described therein, and sufficiently lays the venue thereof. The fraudulent appropriation constitutng the offense is charged to have been committed "at the time and place aforesaid." This can only refer to the 8th day of January, 1895, as the time and the county of Hughes and state of South Dakota as the place, as these are the only time and place mentioned in the indictment. We conclude, therefore, that the indictment substantially meets the requirements of sections 7242 and 7249 of the Compiled Laws,

Again, upon the theory that everything necessary to bring the case within subdivision 1 of section 6698 has been averred, it is urged by counsel for the accused that the demurrer should

have been sustained, upon the ground that the indictment charges more than one offense under the statute; namely, the additional offense described in subdivision 4 of the section under consideration. In order to state that offense, the indictment must substantially allege a willful omission or refusal to pay the money over to the state, or its officer or agent authorized by law to receive the same. The substance of the averment is that on the 8th day of January, 1895, the duly elected, qualified, and acting successor of the accused, one Kirk G. Phillips, who became in truth and fact the duly elected, qualified, and acting treasurer of the state of South Dakota, demanded of the accused that he pay over to him the aforesaid money, which the accused then and there wrongfully and feloniously neglected and still neglects to do. This averment is defective, in that it neither expressly states nor necessarily shows that either the demand or the refusal occurred at a time when Phillips, the incoming treasurer, had a right to make such demand, or plaintiff in error, the outgoing treasurer, was under obligation to comply therewith. It simply states that the demand and refusal occurred on the 8th day of January, 1895, without alleging that it so occurred after 12 o'clock m. of that day, when plaintiff in error ceased to be, and Mr. Phillips became, treasurer of the state. Although the demand may have been made upon that day, as alleged in the indictment, yet, if it were made before 12 o'clock m., plaintiff in error could not lawfully have complied therewith, and would not therefore have been guilty of willfully omitting or refusing to pay over the money to one "authorized by law to receive the same." We are therefore of the opinion that the indictment states no offense under subdivision 4 of section 6698, and consequently is not obnoxious to the objection of duplicity, in that it states an offense under subdivision 1 and also under subdivision 4 of said section.

No offense being stated under subdivision 4, it is unnecessary to discuss the further objection that the indictment fails

to state that a demand upon and a refusal by plaintiff in error was made or took place within the jurisdiction of the court.

From the views above expressed, it inevitably follows that plaintiff in error was not and could not be legally sentenced under either sections 1665, 6797, 6799, but that he might be and should have been sentenced under section 6698, and that the punishment by imprisonment for an offense under that section is limited by section 6212 of the Compiled Laws to a term of two years in the penitentiary. The sentence for five years being erroneous as to the excess, must by this court be corrected.

Counsel for plaintiff in error, with apparent confidence, persistently insist that, as the sentence exceeds the maximum statutory term by three years, the judgment of conviction rendered by the trial court is absolutely and in *toto* null and void, and that the prisoner must therefore be discharged. Substantially the authorities relied upon to support counsel's position were presented to and considered by this court at the hearing on *habeas corpus.* *In re* Taylor, 64 N. W. 253. We then declined to follow text writers and adjudicated cases to the extent of holding, that, although a court has jurisdiction of the person and the offense, the imposition of an excessive sentence invalidates the entire judgment of conviction; and at this time to prevent a complete failure of justice, we again invoke the more reasonable rule, sustained, as we believe, by the weight of authority, and hold that the sentence is legal to the extent of two years from the time of its rendition, which may be without difficulty separated from the invalid portion thereof.

Section 7521 of the Compiled Laws authorizes and empowers this court, upon review by writ of error, to "reverse, affirm or modify the judgment of the circuit court." It is therefore adjudged and ordered that the judgment and sentence of the circuit court be, and the same is hereby, modified by striking therefrom the phrase "five years," being the words employed in fixing the term of imprisonment of plaintiff in error,

and by inserting in lieu thereof the phrase "two years"; and, as thus modified, said judgment and sentence are hereby affirmed.