STATE v. JOHN ERICKSON.[1]

August 6, 1900.

Nos. 12,216—(264).

Carnal Abuse of Child—Allegation of Age.

An indictment charging defendant that he did "carnally know and abuse" a female child under sixteen years, without alleging the specific age of such child, is sufficient to allege a public offense under G. S. 1894, § 6524.

Conviction of Lesser Offense.

Defendant, under such indictment, can only be convicted of the minor or lesser offense provided for in the statute.

Defendant was indicted in the district court for Stevens county of the crime of having carnal knowledge of a female child under the age of sixteen years. The court, Steidl, J., made an order overruling a demurrer to the indictment, and at the request of defendant certified to the supreme court for its decision the following questions:

"1. Does the said indictment charge the three degrees of punishment as defined in the statute creating the offense, or either of them?

2. Does the statute creating different punishment for different ages make the age of the female a necessary ingredient of a single offense, or of three offenses?

3. Is the indictment direct and certain as regards the offense charged, or as to the particular circumstances of the offense charged, which are necessary to constitute a complete offense to enable the defendant to make his choice as to a plea of guilty or not guilty?

4. In case that the testimony should show that the age of the female child at the time of the intercourse was under the age of fourteen years, could the court pronounce judgment upon a verdict of guilty as charged?

[1] Reported in 83 N. W. 512.

5. Should the indictment, in order to correctly charge the act charged as the offense, state the age of the female child at the time when the carnal intercourse is charged?

6. In order to charge the act or omission charged as the offense with such a degree of certainty as to enable the court to pronounce a judgment upon a conviction according to the right of the case, should or should not the indictment state the age of the female at the date of the carnal intercourse alleged?

7. Could the defendant under the indictment be convicted of any of the degrees of the crime charged, or sentenced to any of the degrees of punishment provided by statute?"

Order of trial court affirmed.

*Stephen A. Flaherty* and *W. W. Erwin*, for defendant.

*W. B. Douglas*, Attorney General, *William C. Bicknell*, County Attorney, and *Spooner & Spooner*, for the State.

LOVELY, J.

The defendant is prosecuted under the statute (G. S. 1894, § 6524) for the carnal knowledge and abuse of a female child under the age of sixteen years. The material part of the indictment charges the accused in the following words: That he

"did unlawfully and feloniously carnally know and abuse one * * *, then and there a female child under the age of sixteen years, contrary to the form of the statute," etc.

A general demurrer was interposed challenging the sufficiency of the indictment to state a public offense. After an order of the court below overruling such demurrer, the cause has been properly certified to this court for its opinion upon the questions involving its sufficiency, viz. whether it is necessary to allege the specific age of the female child upon whom the offense was committed, and if, in this respect, the indictment is sufficient, of what offense, under this indictment, may the defendant be convicted?

The statute providing for the punishment of the carnal knowledge and abuse of female children divides offenses of this character into three distinct grades, each based upon the age of the female injured, and the distinctive punishment provided for in each case. Where the female is under ten years of age the punishment is imprisonment in the state prison for life; where the female is ten years of age, and under the age of fourteen years, the punishment is im-

prisonment in the state prison between seven and thirty years; and, lastly, when such female child is between the ages of fourteen and sixteen years the punishment is by imprisonment in the state prison not less than one nor more than seven years, or by imprisonment in the county jail not less than three months nor more than one year. G. S. 1894, § 6524.

The proper test by which the sufficiency of a criminal accusation is to be determined is whether the essential and ultimate facts pleaded are consistent with the innocence of the person accused, or, on the other hand, inconsistent with any view but of his guilt; and if the facts so pleaded, taken together, are reconcilable with the innocence of such accused party, the indictment cannot be held to allege a criminal offense. This very simple test is easily illustrated. Suppose in the indictment under consideration it was charged that defendant had abused a female child under the age of seventeen years, clearly no offense would have been set forth under the statute in question for the manifest reason that it is not a crime under such statute to abuse a female over the age of sixteen years, and the supposed accusation might be consistent with carnal knowledge of a child above that age. Further applying this test, and dividing the three offenses according to the age of the injured female, the allegation that such female is under the age of sixteen years is consistent with the supposition that the defendant is innocent of the more serious charge of abuse of a female child under the age of ten or under the age of fourteen years; but by the same test the positive allegation of the indictment that such female is under the age of sixteen years is absolutely inconsistent with any possible supposition that the defendant is innocent of the minor offense provided for in the statute, and it follows necessarily that while, by the proper rules of criminal pleading, the defendant cannot be held to be charged, prosecuted, or convicted under the indictment in the case at bar of having carnally known and abused a female under the age of fourteen years, he is answerable for such abuse of a female over fourteen years and under sixteen years of age, for which crime only is the indictment held sufficient.

This is purely a question of criminal pleading. If we presume—

as we must—that the grand jury has done its duty, we are not permitted to indulge in suppositions that, in violation of its obligations, it has indicted an accused party for a known lesser offense to shield him from a graver one. It may not always be possible for the grand jury to know the precise age of the injured female, or to designate exactly the line of demarcation between the different grades of crime prohibited by a penal statute. So long as a criminal act is set forth with the necessary and substantial certainty provided by the statutory rule of pleading in such cases, it is sufficient if it "enable the court to pronounce judgment, upon a conviction, according to the right of the case" (G. S. 1894, § 7247); and if, upon the difficulties which arise in such a situation, an indictment must be held bad because it is possible that a graver offense has been committed when the minor offense is charged, the accused might escape accountability for either crime. Certainly the accused has no right to complain in such a case, and the state may not be able, upon the proofs before the grand jury, to rest the prosecution upon a stronger claim than is set forth in the indictment. Under the adverse view an indictment for grand larceny in the second degree would be bad because it might be possible that the accused was guilty of grand larceny in the first degree, or an indictment for manslaughter might be held defective because the accused might be guilty of murder. The logic of this argument would absolve the party accused from prosecution for any offense because, without substantial allegation to the contrary, he might have been guilty of a higher crime than he is accused of committing, when the indictment includes the ultimate facts stating one of the several degrees of a statutory crime involving different degrees of guilt. We cannot approve of such an absurd inference. The order of the trial court is affirmed.

COLLINS and LEWIS, JJ. (dissenting).

We dissent. The pleader, when drawing this indictment, followed the statutory form prescribed more than thirty-five years ago (G. S. 1866, c. 108, § 2, form 12; G. S. 1894, § 7239, form 12), except that the age of the female was placed at under sixteen, instead of under ten, years. At the time of the adoption of this form, carnal

knowledge and abuse of a female child under the age of ten years was punishable, as it now is, by imprisonment for life; but such knowledge and abuse of a female child above the age of ten years was not made a criminal offense until the enactment of Laws 1891, c. 90, § 1, now G. S. 1894, § 6524. This act did not extend the age limit merely. It went further, and in effect created two new offenses, with distinct punishments,—one when the victim was between ten and fourteen; the other when she was over fourteen, but under sixteen, years of age. Recognizing that when the female was between the ages of ten and fourteen the offender should be punished more severely than when she had reached the age of fourteen, and also recognizing that punishment should be much more severe if the child was under ten, the legislature discriminated in the matter of punishment, retaining imprisonment for life in case the child is under ten years of age. If between that age and fourteen the perpetrator of the offense is to be imprisoned for not less than seven nor more than thirty years; if the female be above fourteen years of age, imprisonment may be in the state prison for not less than one year nor more than seven, or by confinement in a county jail for not less than three months nor more than one year. The three offenses are as separate and distinct as if it was expressly so provided, and this is clearly evidenced by the fact that the punishment is graded according to the age of the female.

When we consider these plain provisions as to the punishment, that there are three grades or degrees thereof, ranging from the three-months term in the county jail—nominal punishment only— to a full life sentence in state's prison, depending upon the age of the female, we should hesitate long before construing an indictment so as to nullify and render of little effect the legislative effort to distinguish in a most noticeable manner between the offender who carnally knows and abuses a child of the tender age of ten years or under and the one who selects a female of more mature age, and therefore better able to take care of herself. Tested by the statute (section 7241), and putting aside all claims upon the court to execute the legislative will in this particular respect, we are of opinion that the indictment is clearly insufficient. The statute provides that it must be direct and certain as to the offense charged and the partic-

ular circumstances thereof. It is expressly provided that it shall be sufficient if it can be understood therefrom (section 7247, subd. 7)

"That the act or omission charged as the offense is stated with such a degree of certainty as to enable the court to pronounce judgment, upon a conviction according to the right of the case."

It would seem to follow that if, from the indictment, the court is not advised with such a degree of certainty as to enable it to pronounce judgment in the event of conviction "according to the right of the case," an indictment is insufficient, and ought to be set aside.

Turning to this particular indictment, let us ask, how, in case of conviction, can the trial court properly pronounce judgment? According to the majority opinion, the defendant can only be sentenced as for conviction of the lesser crime; that is, for having carnally known and abused a female over the age of fourteen years, without regard to the real fact in respect to her age. Justice demands more than this if he is actually guilty of the greater offense, which has always been regarded as one meriting exceedingly severe punishment. Let us suppose that upon the trial it appeared that the female in this particular case is under ten years of age. If there be a conviction, defendant, who should serve a life sentence, escapes with seven years' imprisonment in state's prison if the severest sentence is imposed, with three months' incarceration in the county jail if the lighter sentence be inflicted; and yet we express surprise when laymen denounce the courts as inefficient and incapable, and characterize the administration of criminal law as loose, and wholly inadequate for the protection of the people. An indictment under which a man guilty of carnally knowing and abusing a female child uuder the age of ten years may be shielded from the full punishment prescribed by statute ought not to be tolerated in any court of justice, and so we emphatically protest against the conclusion reached by the majority. The indictment should charge the acts constituting the alleged carnal knowledge so as to advise the accused in which one of these different ways he is charged with having committed the crime, and also to enable the trial court, in case of a conviction, to pronounce a just sentence upon the accused,—such a

sentence as is demanded by the actual facts, and is provided for by statute.