## STATE v. HAYES.

1. Comp. Laws 1887, § 6523, provides that rape committed on a female under 10, or on one incapable, through unsoundness of mind, of giving legal consent, or accomplished by force, shall constitute rape in the first degree, and that all other cases, including intercourse with females under 16 and over 10, shall constitute rape in the second de-

gree. Section 7428 provides that, whenever a crime is distinguished into degrees, the jury, if they convict, must find the degree of crime. An information for rape contained no allegation that the female was under 10, or incapable of giving consent or that the offense was accomplished by force. Held that, as the crime of rape in the first degree was not charged, it was not necessary for the verdict to find the degree of the crime.

2. Under Comp. Laws 1887, § 7242, declaring that the information must be direct and certain as regards the party charged, the offense charged, and the particular circumstances, when they are necessary to constitute a complete offense, and section 7249, providing that the information shall be sufficient if it contains a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, an information for rape which conforms with the section last quoted is not insufficient because not containing the word "ravish."

(Opinion filed June 3, 1903.)

Error to circuit court, Moody county, Hon. JOSEPH W. JONES, Judge.

Rich Hayes was convicted of rape, and brings error. Affirmed.

*Joe Kirby,* for plaintiff in error.

*Philo Hall,* Atty. Gen., and *E. S. Coleman,* State's Atty., for the State.

CORSON, J. Upon an information charging the plaintiff in error with the commission of the crime of rape, he was convicted, and sentenced to the State Penitentiary for a term of five years. To the information a demurrer was interposed upon the ground that the facts stated in the information were not sufficient to, and did not, constitute a public offense. The demurrer was overruled, and a trial had, resulting in the following verdict: "We, the jury in the above entitled action,

17 S. D.—9

find the defendant guilty in the manner and form charged in the information." A motion for the arrest of judgment was made, based upon the same ground as the demurrer, and also upon the ground that it does not appear from the information what the age of the said girl named in the information was, and that, without such allegation, the information is rendered uncertain as to whether it was intended to charge rape in the first or second degree. This motion was denied, and the case is now before us on writ of error to the circuit court of Moody county.

It is contended on the part of the accused that it is essential that the age of the female be given in the information, in order that the jury and court may be able to determine the degree, as provided by section 7428, Comp. Laws 1887; which reads as follows: "Whenever a crime is distinguished into degrees the jury if they convict the defendant, must find the degree of the crime of which he is guilty." It is charged in the information that the female upon whom the rape is alleged to have been committed was under the age of 16 years. It is true that rape is divided into two classes. Rape committed upon a female under the age of 10 years, or one incapable, through lunacy or any other unsoundness of mind, of giving legel consent, or accomplished by means of force overcoming her resistance, constitutes rape in the first degree. Section 6523, Comp. Laws 1887. In all other cases, including intercourse with females under the age of 16 and over 10, it constitutes rape in the second degree. In the case at bar no facts are alleged which would constitute rape in the first degree. There is no allegation that the female was under the age of ten years, or was from any cause incapable of giving her consent, and no allegation that the offense was accomplished by means of force

There being ro element essential to the commission of a rape in the first degree alleged in the information, there could have been no conviction of any such crime as rape in the first degree. Undoubtedly, section 7428 of the Compiled Laws, requiring the jury to find the degree is mandatory in a case where it has any application; but, as we have seen, in the case at bar there could be no verdict of the jury nor judgment of the court entered for the crime of rape in the first degree under the information in this case. The verdict of the jury, therefore, finding the accused guilty of the offense as charged in the information, was clearly sufficient. State v. McDonald 16 S. D.78, 91 N. W. 447; State v. Erickson, 81 Minn. 134, 83 N. W. 512.

The contention that the information was insufficient is not tenable. The Code of Criminal Procedure of this state has prescribed the rules by which the sufficiency of the pleadings are to be determined under the Code. Section 7249, Comp. Laws 1887, provides that the indictment or information shall be held sufficient if it contains a statement of the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended. Sec tion 7242 Comp. Laws 1887, provides: "The indictment or information must be direct and certain, as it regards: (1) The party charged (2) The offense charged. (3) The particular circumstances of the offense charged, when they are necessary to constitute a complete offense." State v. Taylor, 7 S D. 548, 64 N. W. 548; People v. Sweetser, 1 Dak. 308, 46 N W. 452. Tested by the rules prescribed by the Code, the information in this case is clearly sufficient. It contains a statement of the acts constituting the offense in ordinary and concise language, and in such a manner

as to enable a person of common understanding to know what was intended; and it is direct and certain as to the party charged, the offense charged, and the particular circumstances of the offense which are necessary to constitute a complete offense. The failure, therefore, of the informatian to contain the word "ravish," does not render it insufficient under the Code of this state.

Finding no error in the record, the judgment of the court below is affirmed.