STATE OF CONNECTICUT
vs.
LOUIS SCHILLER

Superior Court     New Haven County     File #5967
(At Waterbury)

MEMORANDUM FILED MAY 27, 1938.

Lawrence L. Lewis, of Waterbury; William B. FitzGerald, of Waterbury, for the State.

William W. Gager, of Waterbury, for the Defendant.

INGLIS, J. This is an information in two counts. The

first count charges the accused with embezzlement under section 1717c of the Cumulative Supplement to the General Statutes (1935). The second count charges a violation of section 6372 of the General Statutes, Revision of 1930.

As regards the first count the facts stipulated are that in the month of April, 1937, as Town Clerk of the Town of Naugatuck, the accused collected certain fees on the issuance of hunting and angling licenses to the amount of $1,412 which fees he converted to his own use. Sections 3110, 3111, 3112 and 3115 of the General Statutes, Revision 1930, provide that such fees shall be collected by the town clerk in the town in which the licenses are issued and at the end of each month remitted by him to the State Treasurer to be used by the State for the propagation of game and fish.

Section 1717c of the Cumulative Supplement to the General Statutes (1935) provides in part as follows: "Embezzlement by public officer or fiduciary. Any officer, agent or employee of any public, municipal or private corporation . . . who shall wrongfully appropriate and convert to his own use or to the use of any other person any money, funds or property belonging to, held in trust by or under the control of such corporation . . . shall be" punished.

There are two questions raised by the accused with reference to the first count. They are first as to whether the accused was the agent of the State and second as to whether the State is a public corporation within the meaning of the statute.

On the first of these questions the contention of the accused is that as Town Clerk he was the agent of the town rather than the agent of the State. There can be no doubt that as Town Clerk he was an officer of the town. *State vs. Griswold,* 73 Conn. 95. That, however, did not prevent his being the agent of the State. An agent is one who acts for and on behalf of another at the other's request. In collecting the license fees in question the accused clearly was acting on behalf of the State. It was the State's business upon which he was engaged. The fees which he collected became the property of the State and were to be remitted to the State. After the money was received it was to be used for one of the purposes of the State. The Town of Naugatuck had no claim on the fees and in collecting the fees the accused was not engaged in any business for the town. The gist of the mat-

ter is that in this regard (as it does in many other situations) the State has designated the official of a town to act as the agent of the State. Inasmuch as the accused in issuing hunting and angling licenses and collecting the fees thereon was engaged on the State's business, it is concluded that he was the agent of the State. *State vs. Clerkin*, 58 Conn. 98.

As regards the second contention of the accused, namely, that the State is not a public corporation as the term is used in the statute, it is, of course, to be borne in mind that this being a penal statute it must be construed strictly in favor of the accused and that what we are concerned with is not what the Legislature intended to say but rather as to what is the meaning of what it has said. *State vs. Parker*, 112 Conn. 39, 46.

In construing this particular statute cases construing similar statutes in other states are not particularly helpful. For instance, *State vs. Taylor*, 7 S.D. 533, 64 N.W. 548, and *State vs. Bancroft*, 22 Kans. 170, cited by the accused, although they hold that the State is not a public corporation as that term is used in the embezzlement statutes of South Dakota and Kansas respectively, are of no assistance here because in each of those states there were other statutes defining public corporations as subdivisions of the State. In the same way the case of *State vs. Siddoway*, 61 Utah 189, 211 Pac. 968, is of no great assistance. It holds, it is true, that the conversion of state funds by a state official is not a violation of the general embezzlement statute which refers to public corporations but it puts the decision on the ground that there was another statute specifically relating to the embezzlement of state funds.

A corporation is an artificial person. It is "an artificial being, invisible, intangible, and existing only in contemplation of law." *Dartmouth College vs. Woodward*, 4 Wheat. 518, 636; 1 Cook, Corporations (8th ed., 1923) §1.

Clearly the State falls within that definition of a corporation. It is an artificial person. It is a legal entity. There are two things about the statute in question which indicate clearly that the phrase public corporation therein was used in the sense of including the State. The first is that the title of the statute is "Embezzlement by public officer." Certainly every state officer is a public officer, and it was clearly the intent of the Legislature to strike at embezzlement by all public officers. If the title of the statute means anything it means

that the statute is intended to cover embezzlement by all public officers and that can be effectuated only by construing "public corporations" as used in the body of the act so as to include the State.

In the second place, the statute refers to "public, municipal or private corporations." What sort of corporation could have been in the minds of the Legislature as coming within the designation of "public" other than the State? All of the public corporations which exist other than the State are "municipal corporations." If the Legislature had not intended to include the State it could have omitted the word "public" altogether. The fact that it used the word "municipal" as well as the word "public" as modifying the word corporation indicates clearly that in using the phrase public corporation the Legislature intended to use it in the sense of including the State.

It is argued by the accused that because section 3132 of the General Statutes, Revision of 1930, provides a penalty for the violation of "any provision of Part III of this chapter" and section 3115 which requires a town clerk to remit license fees collected to the treasurer of the State, is included in said Part III, no penalty may be imposed on this accused other than that provided in section 3132. Such a position is not tenable. In essence the contention is that, because a man is guilty of one offense he cannot be prosecuted for another offense involved in the same transaction even though he is guilty of the latter offense also. It might as well be argued that where a man has committed an aggravated assault he may be prosecuted only for simple assault. In the present case, it is true that the accused is guilty of a violation of one of the provisions of Part III of chapter 186 of the General Statutes, Revision of 1930, but it is also true that he was the agent of the State and that the funds which he misappropriated were the funds of the State. Because those additional elements were involved in the transaction he has also committed the crime of embezzlement, and may be prosecuted for that.

As to the second count the agreed statement of facts is to the effect that the accused appropriated to his own use hunting and other license fees collected by him during the month of January, 1937, in the amount of $399. The contention of the State is that that constitutes a violation of section 6372 of the General Statutes, Revision of 1930. That section imposes a penalty on "any officer or agent of any public community

who shall, with intent to prejudice it, appropriate its property to the use of any person . . ."

It is obviously the intention of that statute to cover situations where a public community has been defrauded by its agent but where the crime of embezzlement has not been committed because the element of possession or control of the funds or property of the community by the agent is absent from the offense. That is it creates a crime which has some of the elements of embezzlement by an agent of a public community but not all.

It is concluded, however, that the State comes within the term "public community" as that term is used in the statute and as stated above that the accused was the agent of the State. There can be no doubt that the accused "with intent to prejudice it [the State], appropriate[d] its property to the use of any person." The case therefore comes within the terms of this particular statute and the mere fact that there were additional facts involved in the transaction which would have made the accused guilty of the greater crime of embezzlement under section 1717c of the Cumulative Supplement (1935) does not preclude his being prosecuted under section 6372.

The finding of the Court is that the accused is guilty on both counts.