STATE OF CONNECTICUT *v.* EDWARD J. GOODWIN, SR.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 12-5694

Argued May 3—decided August 18, 1965

*Edward H. Kenyon,* of Hartford, for the appellant (defendant).

*Eugene T. Kelly,* prosecuting attorney, for the appellee (state).

KOSICKI, J. The defendant was charged with a violation of General Statutes § 53-364 in defrauding, as an agent, a public community (in this case the state of Connecticut; see *State* v. *Schiller,* 6 Conn. Sup. 252, 253) ; after a trial to the court on February 21, 1964, he was found guilty. From this judgment no appeal was taken. On June 12, 1964, the defendant filed a motion for a new trial, alleging newly discovered evidence not available to him at the time of the trial. This motion was obviously made pursuant to Practice Book §§ 254 and 800 and was not filed within six days from the rendition of the judgment as required by the rule. On oral argument, it appeared that the prosecution raised no objection to the late filing. It is also disclosed in the record that the same judge who sat on the case heard the parties in court on the motion and denied it. The defendant then filed his appeal solely from the decision denying his motion for a new trial. In view of the foregoing synopsis of the facts and disavowal of any objection on the part of the state because of late filing, we shall consider the motion as having been timely filed. However, the claim of the defendant that the motion is the equivalent of a petition for a new trial, authorized under the provisions of General Statutes § 52-270 when brought

within three years after the rendition of the judgment complained of (General Statutes § 52-582), we reject as invalid.

A petition for a new trial, under the statute, although ancillary to the original trial, is a new proceeding terminating in a judgment from which an appeal may be taken. A motion for a new trial, pursuant to Practice Book § 254, is interlocutory, and an appeal lies only from the judgment to which the motion is addressed, with error assignable in the court's action on the motion. *State* v. *Fahey,* 146 Conn. 55, 56; *Hoberman* v. *Lake of Isles, Inc.,* 138 Conn. 573, 575-77; *State* v. *Kemp,* 124 Conn. 639, 644; *Dudley* v. *Hull,* 105 Conn. 710, 714; *State* v. *Davis,* 2 Conn. Cir. Ct. 257, 260. While in the *Hoberman* case it was decided that the granting of a motion for a new trial was not a final action of the court from which an appeal may be taken, we are presented here with the converse situation, the question being whether an appeal lies from a denial of such motion. The cases we have read dealing with this precise question coupled the claimed error in denying the motion with an appeal from the final judgment rendered in the action. *Turner* v. *Scanlon,* 146 Conn. 149, 163; *Hoberman* v. *Lake of Isles, Inc.,* supra; *Levine* v. *Union & New Haven Trust Co.,* 127 Conn. 435, 439. The only assignment of error in the instant case is that the trial court erred in refusing to grant the defendant's motion for a new trial. The appeal was argued on its merits, and since no question was raised as to whether the appeal lay merely from a ruling on the motion, in the absence of an appeal from the judgment, we consider the appeal on its merits as it had been presented to us.

In support of his motion for a new trial, the defendant offered the following documents, which

were examined by the trial court and made part of the record before us: (1) A certified transcript of a portion of the testimony presented at a hearing on an appeal by this defendant to the state personnel appeal board (General Statutes § 5-60) from a decision of the state welfare commissioner dismissing the defendant from state service as a result of the evidence disclosed in the present criminal prosecution; (2) a signed copy of the decision of the personnel appeal board sustaining the defendant's appeal; (3) a certified copy of a complaint, warrant and judgment in the case of *State* v. *Doris Pecan,* in the Circuit Court, ninth circuit, being a record of a conviction for trespass, committed on April 26, 1964, in violation of General Statutes § 53-103, upon a plea of guilty and the imposition of a fine of $10; and (4) certified (but unauthenticated) copies of a complaint for divorce, dated March 9, 1961, and a decree of divorce, dated September 14, 1961, to the plaintiff in the case of *Robert W. Pecan* v. *Doris Pecan,* in the Circuit Court of the eleventh judicial circuit in and for Dade County, Florida.

"The rules for granting a new trial on the ground of newly discovered evidence are well established. The evidence must, in fact, be newly discovered, material to the issue on a new trial, such that it could not have been discovered and produced on the former trial by the exercise of due diligence, not merely cumulative and likely to produce a different result. *Turner* v. *Scanlon,* 146 Conn. 149, 163 . . . . [E]vidence furnishing a valid basis for a new trial must be admissible. *Ferguson* v. *Smazer,* 151 Conn. 226, 228 . . . . Evidence which is cumulative only and designed to attack the credibility of a witness is not ordinarily a ground for a new trial and is never such a ground unless it appears reasonably certain that injustice has been done in the judgment rendered and that the result of a new trial will

probably be different. *Apter* v. *Jordan,* 94 Conn. 139, 143 . . . ." *Pass* v. *Pass,* 152 Conn. 508, 511; see *Lancaster* v. *Bank of New York,* 147 Conn. 566, 578; *Dortch* v. *State,* 142 Conn. 18, 27; *Taborsky* v. *State,* 142 Conn. 619, 623; *Husted* v. *Mead,* 58 Conn. 55, 61. "The rules governing the granting of a new trial, whether by motion or petition, on the ground of newly discovered evidence are the same in criminal and civil cases. *Hamlin* v. *State,* 48 Conn. 92, 94. . . . The basic question which the trial court has to decide is whether upon all the evidence an injustice has been done. In deciding this question, the court exercises a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused. *Turner* v. *Scanlon,* 146 Conn. 149, 163; *Smith* v. *State,* 141 Conn. 202, 207; *Pradlik* v. *State,* 131 Conn. 682, 686; *State* v. *Goldberger,* 118 Conn. 444, 457; see *Smith* v. *State,* 139 Conn. 249, 251; *Jobbes* v. *State,* 125 Conn. 286, 289; *Moeller* v. *Johnston,* 91 Conn. 23, 25." *State* v. *Davis,* 2 Conn. Cir. Ct. 257, 260, 261.

The court considered the motion on its merits and, in denying it, filed a memorandum which we may consult to determine the basis of the decision. *Smith* v. *State,* 139 Conn. 249, 251; Maltbie, Conn. App. Proc. § 152. The appellant had filed a transcript of evidence of the trial and a partial transcript of testimony taken before the personnel appeal board. The court decided, in effect, upon examination of the transcript and the record, that under the averments of the motion "a reasonable cause for which a new trial ought to be granted could not be proved according to the usual rules governing new trials." See *Pass* v. *Pass,* supra.

Neither the decision of the personnel appeal board reinstating the defendant in his state employment nor the testimony of the witnesses before that board

amounts to newly discovered evidence within the limitations of our rules governing new trials. The witnesses were available at the trial of the present case, two of them being employees of the state welfare department, which initiated the prosecution by its complaint against the defendant, and the third being the manager of the apartment in which Mrs. Pecan, the principal prosecution witness, was then living. Their testimony before the board had no relevance to the charge on which the defendant was found guilty and consisted of nothing more than an attempt to impeach the credibility of Mrs. Pecan by opinion evidence, reputation, observations and evaluations which for the most part, if not altogether, would have been inadmissible at the trial in this case. The trial court decided that the evidence being proffered in support of the motion was cumulative and consisted largely of a broadside attack on the veracity of Mrs. Pecan; that her honesty in this case was self-evident, because it was she who reported to the welfare department the receipt by her of an unlawful overpayment after receiving its check; and that it would be difficult to ascribe to her any motive falsely to accuse the defendant or to fabricate her story.

The second principal item offered in evidence was the record of Mrs. Pecan's conviction for trespass. Both the charge and the judgment occurred over two months subsequent to the judgment in this case. This evidence was clearly inadmissible because it had no existence at the time of trial in the instant case and was objectionable for the purpose of impeaching the credit of the witness under General Statutes § 52-145. The maximum penalty which can be imposed for trespass in violation of § 53-103 is $50. "[A] conviction of a crime, whether or not the crime is denominated a felony, is admissible under § 52-145, only if the maximum permissible

penalty for the crime may be imprisonment for more than one year, and . . . the presence or absence of moral turpitude is not a consideration in the admissibility of the proof of a conviction under the statute." *Heating Acceptance Corporation* v. *Patterson*, 152 Conn. 467, 472; see *Drazen* v. *New Haven Taxicab Co.*, 95 Conn. 500, 503.

As to the next item, a divorce decree cannot be used to attack the credit of a witness, under the cited statute or any other rule of law brought to our attention. Nor is the complaint in the divorce action of Mrs. Pecan's former husband of any evidential value for this purpose. Both the complaint and the divorce, evidently obtained ex parte in Florida, are grounded on what might be liberally described under our law as averments of intolerable cruelty. "[T]he judgment of divorce does not establish any one of the facts or grounds on which it was based except as between the persons who actually litigated the question of the existence of that fact or ground." *Vogel* v. *Sylvester*, 148 Conn. 666, 670, 676 n.2. Even though an act of misconduct which would have a logical tendency to indicate a lack of veracity—which is not claimed here—may be admissible in the discretion of the court; id., 675; this can only be shown by cross-examination of the witness and not by the introduction of extrinsic evidence. *Shailer* v. *Bullock*, 78 Conn. 65, 69.

In addition to the foregoing documents mentioned in the motion for a new trial, the defendant brought to the notice of the court what purported to be written opinions of a psychiatrist and a psychologist stating guardedly an evaluation of Mrs. Pecan's mental or emotional traits. These opinions were derived entirely from information obtained by hearsay and not from any examination of the person involved. The court correctly concluded that these

opinions were, at best, a mere surmise and of little value.

In its memorandum, the court noted that it carefully considered the new material submitted, reread the entire transcript of evidence presented in the original trial, and, after having done so, concluded that it would not have the effect of changing the result. Although it is not our province to compare the record in the trial of the case before us with the claimed newly discovered evidence relied on in the motion, we are satisfied that we would have reached the same result if we had to try the case on the merits. "As stated above, the issue before us is whether the trial court abused its discretion. We find that it did not." *Smith* v. *State,* 139 Conn. 249, 253; see *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 610; *Shields* v. *State,* 45 Conn. 266, 272.

There is no error.

In this opinion PRUYN and LEVINE, Js., concurred.