CARLIN CONTRACTING COMPANY, INC. *v.*
DEPARTMENT OF CONSUMER PROTECTION
(AC 17662)

O'Connell, C. J., and Landau and Spear, Js.

Submitted on briefs June 5—officially released July 21, 1998

*Robert W. Heagney* filed a brief for the appellant (plaintiff).

*Richard Blumenthal,* attorney general, and *Megan J. O'Neill* and *Steven M. Rutstein,* assistant attorneys general, filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff appeals from the trial court's judgment denying the motion to open the judgment of dismissal, which was rendered for failure to prosecute. The plaintiff appealed to the trial court from an administrative decision of the state plumbing and

piping work examining board (board).[1] In its decision, the board found that the plaintiff had violated the state licensing statutes, General Statutes §§ 20-334, 20-337 and 20-341, by performing plumbing work through unlicensed and unregistered employees. The administrative appeal was filed in the Superior Court on January 3, 1996. The record indicates that the plaintiff's brief was due on June 9, 1996, and, when it had not been filed by May 2, 1997, the trial court dismissed the appeal for failure to prosecute, pursuant to Practice Book § 257, now Practice Book (1998 Rev.) § 14-7.[2]

On August 1, 1997, the plaintiff filed a motion to open the judgment of dismissal on the ground that there were deficiencies in the transcript of the administrative hearing that had to be corrected before a brief could be filed. The trial court reviewed the transcript and concluded that although it contained deficiencies, it did in fact present a record of the hearing. The trial court also noted that the plaintiff had over one year in which to move to correct the record, but failed to do so.

In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse

---

[1] The board is an agency of the defendant, the department of consumer protection.

[2] Practice Book § 257 (a), now Practice Book (1998 Rev.) § 14-7 (a), provides in relevant part: "[I]n an administrative appeal . . . the plaintiff's brief shall be filed within thirty days after the filing of the defendant's answer or the return of the record; whichever is later; and the defendant's brief shall be filed within thirty days of the plaintiff's brief. . . . A motion for extension of time within which to file the return of record, the answer, or any brief shall be made to the court before the due date of the filing which is the subject of the motion. . . . If a party fails timely to file the record, answer, or brief in compliance with this paragraph, the court may, on its own motion or on motion of one of the parties, and after hearing, make such order as the ends of justice require. Such orders may include but are not limited to the following or any combination thereof . . .

"(ii) If the party not in compliance is the plaintiff, an order dismissing the appeal . . . ."

of its discretion. *In re Baby Girl B.*, 224 Conn. 263, 294–95, 618 A.2d 1 (1992); *Gillis* v. *Gillis*, 214 Conn. 336, 340–41, 572 A.2d 323 (1990). "Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." *Manchester State Bank* v. *Reale*, 172 Conn. 520, 523–24, 375 A.2d 1009 (1977). We are not persuaded that the trial court's denial of the plaintiff's motion to open was an abuse of discretion or that the trial court acted unreasonably.

The judgment is affirmed.