## SUSAN POSPISIL *v.* EDWARD POSPISIL
## (AC 19037)

Foti, Spear and Pellegrino, Js.

Argued April 27—officially released August 22, 2000

*C. Michael Budlong*, with whom were *Campbell D. Barrett* and *Davis S. Allen,* for the appellant (defendant).

*Bruce S. Beck,* for the appellee (plaintiff).

*Opinion*

PELLEGRINO, J. The defendant, Edward Pospisil, appeals from the trial court's denial of his motion to open the judgment of dissolution of his marriage with the plaintiff, Susan Pospisil. The defendant claims that the court (1) abused its discretion by denying his motion to open the judgment and (2) improperly granted the plaintiff's motion for counsel fees. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of this appeal. On August 2, 1995, the parties entered into a written agreement to dissolve their twenty-five year marriage. The parties' agreement was incorporated into the judgment of dissolution. As of the date of the dissolution of the marriage, the parties had four minor children, and the defendant was awarded sole custody of them. The agreement required the plaintiff to pay support to the defendant in an amount as provided under the child support guidelines,[1] and the defendant agreed to pay alimony in the same amount as the plaintiff's support obligation, so that in effect the obligations of both parties were equal and offset each other. The defendant's alimony obligation was to terminate at the time the plaintiff's support obligation terminates. There was no provision in the agreement for termination of the alimony at the time the plaintiff remarries. During the negotiation of the dissolution agreement, the plaintiff harbored, but never disclosed, an intention to remarry after the dissolution

---

[1] The guidelines were issued by the commission for child support guidelines pursuant to General Statutes § 46b-215a, which provides in relevant part: "The Commission for Child Support Guidelines is established to review the child support guidelines promulgated pursuant to section 8 of public act 85-548, to establish criteria for the establishment of guidelines to ensure the appropriateness of child support awards and to issue updated guidelines not later than October 1, 1993, and every four years thereafter. . . ."

of the marriage. On October 7, 1995, approximately two months after the dissolution judgment was rendered, the plaintiff remarried.

On June 15, 1998, the plaintiff caused the defendant to be served with a motion for contempt for his failure to execute a qualified domestic relations order. Thereafter, on July 27, 1998, the defendant filed a motion to open the dissolution judgment on the basis of fraud. On September 11, 1998, the plaintiff, pursuant to General Statutes § 46b-62,[2] filed a motion for counsel fees, claiming that the defendant's motion to open lacked merit. After a hearing on October 28, 1998, the court denied the defendant's motion to open the judgment, denied the plaintiff's motion for contempt and granted her motion for counsel fees. On November 17, 1998, the defendant filed this appeal. Subsequently, on February 2, 1999, the defendant filed a motion for articulation, to which the trial court responded on June 22, 1999, with an oral articulation.

I

The defendant first claims that the court abused its discretion by denying his motion to open the dissolution judgment. We disagree.

At the hearing on the defendant's motion to open, the defendant claimed that the plaintiff's failure to disclose her intention to remarry was a material fact that the defendant should have been accorded the opportunity to consider when the parties entered into the dissolution agreement. The defendant argued that because the plaintiff's failure to disclose her intention to remarry amounted to fraud, the court should open the dissolu-

[2] General Statutes § 46b-62 provides in relevant part: "In any proceeding seeking relief under the provisions of this chapter . . . the court may order either spouse or . . . either parent to pay the reasonable attorney's fees of the other in accordance with their respective financial abilities and the criteria set forth in 46b-82. . . ."

tion judgment. The court reasoned that because an intention to remarry in the future is not a fact but a mere expectation or ambition, the nondisclosure of such an intention was not a misrepresentation of a fact that would support a finding of fraud. Because the plaintiff's actions did not amount to fraud, the court denied the defendant's motion to open the judgment.

Our review of a court's denial of a motion to open is well settled. "We do not undertake a plenary review of the merits of a decision of the trial court to grant or to deny a motion to open a judgment." (Internal quotation marks omitted.) *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 809, 695 A.2d 1010 (1997). "In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion." *Carlin Contracting Co.* v. *Dept. of Consumer Protection*, 49 Conn. App. 501, 502–503, 714 A.2d 714 (1998). "In determining whether the trial court abused its discretion, this court must make every reasonable presumption in favor of its action. . . . The manner in which [this] discretion is exercised will not be disturbed so long as the court could reasonably conclude as it did." (Internal quotation marks omitted.) *Searles* v. *Schulman*, 58 Conn. App. 373, 377, 753 A.2d 420 (2000).

The defendant argues that the court abused its discretion by denying his motion to open the dissolution judgment because the plaintiff's failure to disclose her intention to remarry amounted to a fraudulent nondisclosure of a material fact. The plaintiff asserts that the court properly denied the defendant's motion to open the dissolution judgment because her failure to disclose an intention to remarry in the future does not amount to a fraudulent nondisclosure.

It is clear that a "marital judgment based upon a stipulation may be opened if the stipulation, and thus

judgment, was obtained by fraud." *Billington* v. *Billington*, 220 Conn. 212, 217–18, 595 A.2d 1377 (1991); *Kenworthy* v. *Kenworthy*, 180 Conn. 129, 131, 429 A.2d 837 (1980). It is equally well established that a stipulated marital judgment may be opened if obtained by fraudulent nondisclosure. See *Gelinas* v. *Gelinas*, 10 Conn. App. 167, 173, 522 A.2d 295, cert. denied, 204 Conn. 802, 525 A.2d 965 (1987); *Jackson* v. *Jackson*, 2 Conn. App. 179, 194, 478 A.2d 1026, cert. denied, 194 Conn. 805, 482 A.2d 710 (1984). "Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action." *Gelinas* v. *Gelinas*, supra, 173. "The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment. . . . Fraud by nondisclosure, which expands on the first three of these four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak." Id. A judgment will be set aside on the basis of fraud, however, only if the movant is not barred by any of the following restrictions: (1) there must have been no laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the fraud; and (3) there is a substantial likelihood that the result of the new trial will be different. *Billington* v. *Billington*, supra, 218.

In the present case, it is clear that the plaintiff harbored, but never disclosed, an intention to remarry at some point after the dissolution of her marriage with the defendant. At no point during the dissolution proceedings, however, did the court or the defendant ever question the plaintiff about her intentions to remarry.

Thus, we are satisfied that the plaintiff did not deliberately conceal or purposely mislead the court or the defendant about her intention to remarry.

Furthermore, the plaintiff's failure to disclose her intention to remarry cannot amount to fraudulent nondisclosure. The mere intention to perform an act in the future cannot be considered a "known fact" because a party's intention to perform may never materialize into actual performance. A finding of fraudulent nondisclosure requires a failure of a "disclosure of known facts." *Gelinas* v. *Gelinas*, supra, 10 Conn. App. 173. There is no such obligation as to one's intention or expectation. The court found that the plaintiff's intention to remarry was a mere expectation and not a certainty. Therefore, it did not abuse its discretion by denying the defendant's motion to open the dissolution judgment after concluding that the plaintiff's actions did not amount to a fraudulent nondisclosure of a known fact.

II

The defendant next claims that the court improperly granted the plaintiff counsel fees. We decline, however, to review this claim because the defendant has failed to furnish us with an adequate record.

At the conclusion of the October 28, 1998 hearing, the court awarded the plaintiff counsel fees.[3] Because the basis for the court's award of counsel fees was unclear, the defendant subsequently filed a motion for articulation. On June 22, 1999, the court, by oral articulation, failed to clarify properly the basis of the counsel fee award. In both his principal brief and reply brief, the defendant admits that the court's oral articulation lacked clarity. "[W]here a party is dissatisfied with the trial court's response to a motion for articulation, he may, and indeed under appropriate circumstances he

---

[3] The awarded counsel fees amount to $3994.50.

must, seek immediate appeal . . . to this court via the motion for review." *Barnes* v. *Barnes*, 190 Conn. 491, 493 n.2, 460 A.2d 1302 (1983); *Buchetto* v. *Haggquist*, 17 Conn. App. 544, 549, 554 A.2d 763, cert. denied, 211 Conn. 808, 559 A.2d 1141 (1989). The defendant, however, failed to file a motion for review pursuant to Practice Book § 66-7.[4]

"Because it is the appellant's responsibility to provide this court with an adequate record for review . . . we will not remand a case to correct a deficiency the appellant should have remedied." (Internal quotation marks omitted.) *State* v. *One 1993 Black Kenworth Truck*, 41 Conn. App. 779, 789, 679 A.2d 13 (1996); *Rogozinski* v. *American Food Service Equipment Corp.*, 34 Conn. App. 732, 735 n.5, 643 A.2d 300, cert. denied, 231 Conn. 910, 648 A.2d 156 (1994). Therefore, because the defendant has failed to provide us with an adequate record for review, we decline to review his claim that the court improperly granted the plaintiff's motion for counsel fees.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards . . . articulation under Section 66-5 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."