[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: AMENDED MOTION TO STRIKE #117.5
On January 10, 2000, the plaintiff, Lorna J. Wendt, filed a Revised Petition for a new trial pursuant to Connecticut General Statutes §52-270.[1] The plaintiff alleges that she is entitled to a new trial in the action she brought against the defendant, Gary C. Wendt, for dissolution of the parties' marriage.[2] Specifically, the plaintiff's petition focuses on the classification, valuation and division of unmatured and unvested benefits provided through the defendant's employer, General Electric (GE), including unvested stock options, a supplementary pension plan and retirement allowance, and restricted stock awards (collectively, the employee benefits). The first count of the plaintiff's revised petition (petition) alleges fraud on the part of the defendant in the original dissolution action and the second count of the petition alleges the existence of newly discovered evidence.
Amended Motion to Strike — issue of timeliness
On September 20, 2000, pursuant to Practice Book § 25-16, the defendant filed an amended motion to strike the plaintiff's petition on the ground that the allegations set forth therein are legally insufficient to state claims upon which relief can be granted, because they are based on alleged events that occurred two years after the dissolution trial. Specifically, the defendant moves to strike count one on the ground that a party cannot fraudulently conceal facts that do not yet exist and count two on the ground that evidence of a post trial event is not "newly discovered evidence" that can support a petition for a new trial. Pursuant to Practice Book § 25-19, the defendant has filed memoranda of law in support of his motion to strike and the plaintiff has filed memoranda of law in objection thereto.
The procedure for obtaining a new trial is controlled by statute. Statev. Grimes, 154 Conn. 314, 324, 228 A.2d 141 (1966); Franchi v. AmericanLawyer Media, Superior Court, judicial district "of Ansonia-Milford at Milford, Docket No. 063999 (March 13, 2000, Arnold, J.). The procedure for procuring a new trial by petition, whether in a civil or criminal case, is authorized by General Statutes § 52-270. Rizzo v. Pack,15 Conn. App. 312, 315, 544 A.2d 252 (1988). This statute is "designed to correct serious miscarriages of justice." Reilly v. State, CT Page 341532 Conn. Sup. 349, 376-377, 355 A.2d 324 (1976). The Connecticut Supreme Court has stated that: "[T]he proceeding is essentially equitable in nature; the petitioner has the burden of alleging and proving facts, which would . . . entitle him to a new trial on the grounds claimed; and the petition is addressed to the legal discretion of the trial court. A petition will never be granted except on substantial grounds. It does not furnish a substitute for, or an alternative to, an ordinary appeal but applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted. . . . The procedure is not intended to reach errors available on appeal of which the party should have been aware at the time when an appeal might have been taken." (Internal quotation marks omitted.) State v. Grimes, supra,154 Conn. 325; see also Rizzo v. Pack, supra, 15 Conn. App. 315; Franchiv. American Lawyer Media, supra, Superior Court, Docket No. 063999.
A motion to strike challenges the legal sufficiency of the allegations of a pleading to state a claim upon which relief can be granted. Practice Book § 25-16; see also Practice Book § 10-39. "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "[T]he court must accept as true the facts alleged in the [pleading]." Pamela B. v. Ment, 244 Conn. 296, 325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Faulkner v.United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997). "The role of the trial court [is] to examine the [pleading], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378,698 A.2d 859 (1997).
"A motion to strike may be used to test the sufficiency of the allegations contained in a "petition for a new trial." Pirro v. Callagi, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 147087 (Nov. 15, 1995, Lewis, J.) (15 Conn.L.Rptr. 409, 410). When the respondent contests the legal sufficiency of a petitioner's claim that he is entitled to a new trial, the trial court is required to compare the allegations in the petition for a new trial with the evidence at the original trial. Pass v. Pass, 152 Conn. 508, 510, 208 A.2d 753
(1965); see also Psaras v. State, Superior Court, judicial district of New London at New London, Docket No. 548217 (June 11, 1999, Miano, J.). "The court must determine whether the allegations in the petition for a new trial, together with any appropriate exhibits, establish within the limits of sound discretion, grounds entitling the petitioner to a new trial. Lancaster v. Bank of New York, 147 Conn. 566, 579, [164 A.2d 392] CT Page 3416 (1960); Link v. State, 114 Conn. 102, 107, [167 A. 867] (1932). Where the grounds alleged are inadequate to support the exercise of discretion to grant a new trial, they are deficient as a matter of law." Psaras v.State, supra, Superior Court, Docket No. 548217.
The plaintiff challenges the Amended Motion to Strike on two grounds, first by filing a Motion to Dismiss or Deny and later with an Objection. First, she claims that the Amended Motion to Strike must fail because in the interim between the filing of the first Motion and the Amended Motion, the defendant moved first to transfer the case to Judge Tierney (who heard the original case) and secondly, he moved to have the case heard on the Complex Litigation Docket. The plaintiff suggests that these actions were "directed toward the merits of the case," and therefore the defendant has waived the right to challenge the sufficiency of the pleadings. This court is unpersuaded, and it finds that neither of the defendant's motions to transfer, which were both denied, were directed to the merits of the case. Secondly, the plaintiff asserts that the Amended Motion to Strike was filed more than seven months following the court's ruling on a Motion for Nonsuit and is therefore, untimely. Under Section10-8 of the Connecticut Practice Book, most pleadings are required to advance in fifteen day intervals. This provision is often observed in the breach, however, where one party wishes to challenge the timeliness of the filing of a pleading, the proper course to follow is the filing of a motion for default or nonsuit. Sections 17-31 and 17-32 Connecticut Practice Book. Judge Stodolink refused to find a motion to strike untimely in the unreported matter of Gladding v. Saren, No. CV97-3272195 (1997 Ct. Sup. 11297, November 17, 1997). At pages 11300-301 of that opinion, the court stated that, "In fact, any pleading may be filed, after the expiration of the time allowed by Practice Book Section 114 (now Section 10-8), until the court has heard any motion for default or nonsuit for failure to plead pursuant to General Statutes Section 52-121." The plaintiff has failed to challenge the timeliness of the Amended Motion to Strike by means of a motion for default for failure to plead. In effect, she has sat on her rights until the Amended Motion was argued, and it is somewhat disingenuous on her part to challenge the defendant on this issue when she herself had the means at her disposal to do so for the same seven months. For these reasons, the plaintiff's Motion to Dismiss and her Objection should both fail.
Count One — Fraud/Fraudulent Concealment
The first count of the plaintiff's petition alleges the following facts: The plaintiff brought an action for dissolution of marriage against the defendant and a judgment was entered on December 3, 1997, dissolving the marriage, dividing the assets of the parties and making determinations as to alimony and other issues. At the trial, there were CT Page 3417 material questions as to the appropriate classification, valuation and division of the employee benefits. Throughout the proceeding, the defendant maintained, under oath, that the employee benefits had no value. In support of his position, the defendant maintained that the employee benefits would be forfeited in the event that his employment with GE was terminated prior to retirement or vesting. The defendant presented testimony that other GE employees lost their unvested stock options when leaving employment at GE. When the defendant was asked in the course of examination at trial whether he was contemplating leaving his employment, the defendant personally prompted his counsel to object to that line of questioning. The defendant did not provide specific information which the defendant knew or had reason to know was relevant to the classification, valuation and distribution of the unvested employee benefits and the extent to which they depended on future services, but rather, the defendant offered a general assertion as to his future earning capacity. The defendant's assertion, however, was irrelevant to the payment or continued availability of the unvested employee benefits in the event that he terminated his employment. The defendant specifically represented that his employee benefits were dependent upon future employment services by him. The trial court gave great credence to the defendant's claims when it divided the marital assets.
Count one of the petition further alleges: On or about February 15, 1999, through a published news article in the February 15, 1999 issue ofBarron's, the plaintiff discovered that the defendant retained all his restricted stock, unvested stock options and entitlement to the supplementary pension and retirement allowance, notwithstanding termination of his employment with GE. Furthermore, it was reported in that same article that the only "future" service required of the defendant in return for the retention of these benefits is an agreement (noncompete agreement) not to hire members of his former management team away from GE.
The plaintiff alleges that the continued availability of these benefits from GE without the need for continued employment or future services was fraudulently concealed from the plaintiff and the court at the time of the dissolution trial. The plaintiff claims that had this information been disclosed at the time of the trial, the outcome would likely have been different in that the court would not have drawn conclusions relating to the contingent nature of certain assets and the characterization of such assets as incentive for future employment. Therefore, the plaintiff alleges that the resulting financial orders would likely have been different.
The defendant moves to strike count one on the ground that a party CT Page 3418 cannot fraudulently conceal facts that do not yet exist. The defendant contends that the crux of the plaintiff's petition is the allegation that two years after the original trial, the defendant left GE and was permitted to retain employee benefits in exchange for his noncompete agreement with GE. The defendant asserts that the plaintiff's allegation is insufficient because post-judgment changes in circumstances occur in every divorce, and such changes do not necessarily render a judgment susceptible to collateral attack on the ground of fraud. Moreover, the defendant argues that an allegation of concealment of "known facts" is an essential element in any fraudulent concealment claim. See Pospisil v.Pospisil, 59 Conn. App. 446, 451, 757 A.2d 655, cert denied, 254 Conn. 940,761 A.2d 762 (2000) ("a finding of fraudulent nondisclosure requires a failure of a `disclosure of known facts'"). The defendant argues that the first count of the plaintiff's petition is fatally flawed, therefore, in that it fails to allege that the defendant knew he would continue receiving employee benefits in the event that his employment with GE terminated prior to retirement or vesting. The defendant concludes that the first count of the plaintiff's petition must be stricken because it does not — and cannot — allege that the terms of a noncompete agreement executed two years in the future were "known facts" at the time of the dissolution trial.
In opposition, the plaintiff argues that she has alleged that at the time of the dissolution trial, the defendant represented that certain employee benefits would be forfeited upon termination of his prior to retirement, and that such benefits were therefore, worthless or of diminished value. The plaintiff contends that after the trial she discovered incontrovertible evidence that the defendant made false assertions at trial. Thus, the plaintiff argues that her petition alleges and rests upon facts and/or evidence which existed at the time of the dissolution trial, but which only came to light as a result of subsequent events.
"Fraud consists in deception practiced in order to induce another to part with property or surrender some legal right, and which accomplishes the end designed. . . . The elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." (Citations omitted; internal quotation marks omitted.) Billington v. Billington, 220 Conn. 212, 217,595 A.2d 1137 (1991). Fraud by nondisclosure, which expands on the first three of these four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak. Gelinas v. Gelinas, 10 Conn. App. 167, 173, 522 A.2d 295, CT Page 3419 cert. denied, 204 Conn. 802, 525 A.2d 965 (1987); Pospisil v. Pospisil, supra, 59 Conn. App. 450. The Supreme Court has imposed three limitations on the granting of relief from a dissolution judgment secured by fraud: (1) the absence of laches or unreasonable delay by the injured party after the fraud was discovered; (2) there must be clear proof of the perjury or fraud; and (3) there must be a substantial likelihood that the result of the new trial will be different. Billington v. Billington, supra, 218; accord Pospisil v. Pospisil, supra, 450.
A brief review of two cases, Billington v. Billington, supra,220 Conn. 212, and Pospisil v. Pospisil, supra, 59 Conn. App. 450, sheds light on the scope of fraud and fraudulent nondisclosure claims brought in the context of dissolution litigation.
In Billington v. Billington, supra, 220 Conn. 212, the parties' marriage was dissolved pursuant to a stipulated judgment that incorporated by reference a settlement agreement between the parties. During the negotiations preceding the dissolution, the parties agreed to divide between them certain pieces of real estate. The defendant received certain residential property located on Ellsworth Avenue in New Haven, and the plaintiff received other real property of supposedly equal value. On his financial affidavit, the defendant assigned the Ellsworth Avenue property a value of $225,000. He failed, however, to disclose the fact that he had received a written offer of $380,000 for the parcel. Three days after the parties' marriage was dissolved, the defendant accepted the offer and later conveyed the property for a renegotiated price of $360,000. The plaintiff moved to open the judgment, claiming that the defendant fraudulently concealed the value of the Ellsworth property.[3] The Supreme Court reversed the Appellate Court's determination that the plaintiff was barred from opening the judgement of dissolution on the basis of fraud. On remand from the Supreme Court, the Appellate Court affirmed the trial court's finding that the defendant's failure to disclose the written offer to purchase the property established fraud by clear and satisfactory evidence, and accordingly, affirmed the trial court's decision to open the judgment on grounds of fraud. Billington v. Billington, 27 Conn. App. 466, 606 A.2d 737, cert. denied, 224 Conn. 906, 615 A.2d 1047 (1992).
In Pospisil v. Pospisil, supra, 59 Conn. App. 446, the defendant appealed the trial court's denial of his motion to open the judgment dissolving his marriage to the plaintiff on the ground of fraud. The judgment incorporated the agreement of the parties with regard to the financial awards. There was no provision in the parties' agreement for termination of the defendant's obligation to pay alimony to the plaintiff in the event of the plaintiff's remarriage. The plaintiff remarried two months after the dissolution. The Pospisil court held that the CT Page 3420 plaintiff's nondisclosure of her intention to remarry did not constitute fraud. Furthermore, the court found that because neither the trial court nor the defendant questioned the plaintiff about her intentions to remarry, the plaintiff did not deliberately conceal or purposely mislead them about her intentions. Consequently, the Appellate Court concluded that the plaintiff's mere intention to remarry in the future could not be considered fraudulent nondisclosure of a "known fact" because her intention may never have materialized into actual performance.
In the present case, the court finds that the first count of the plaintiff's petition is insufficient in that it fails to allege the first two requisite elements of an action based upon fraud, specifically, that a false representation was made as a statement of fact and that the statement was untrue and known to be so by its maker. Billington v.Billington, supra, 220 Conn. 217. The plaintiff alleges that the defendant "specifically represented that his [employee benefits] were dependant upon future services by him." (Plaintiff's petition, Count 1, ¶ 10.) The plaintiff does not, however, allege that this representation was false or untrue and known to be so by the defendant.
Furthermore, the court finds that the plaintiff's first count does not set forth sufficient specific facts to allege fraudulent concealment, even when viewed in the light most favorable to the plaintiff The plaintiff's petition alleges that "the continued availability of [the employee benefits] from GE without the need for continuing employment or future services was fraudulently concealed from the [p]laintiff and the court at the time of the dissolution trial." (Plaintiff's petition, Count 1, ¶ 15.) However, "[i]t is not sufficient to simply plead conclusions as to claims of fraud. It is necessary to set out specific underlying facts to support an allegation of fraud. See Maruca v.Phillips, 139 Conn. "79, [81, 90 A.2d 159] (1952)." Franchi v. AmericanLawyer Media, supra, Superior Court, Docket No. 063999. The allegations in the plaintiff's first count are mere conclusions of law that are unsupported by the facts alleged.
Moreover, the allegations contained in the plaintiff's first count are insufficient to support a claim for fraudulent concealment because of the absence of an allegation that the defendant failed to disclose a "known fact." See Pospisil v. Pospisil, supra, 59 Conn. App. 450. The plaintiff's petition contains only the following allegation regarding the defendant's knowledge of facts relating to the employee benefits at the time of the dissolution trial: the allegation that the defendant did not provide "specific information . . . which the [d]efendant knew or hadreason to know was relevant to the classification, valuation and distribution of the unvested [employee benefits] and the extent to which they depended on future services . . ." (Emphasis added.) (Plaintiff's CT Page 3421 petition, Count 1, ¶ 9.) A defendant's failure to disclose his supposed intentions or expectations do not amount to an allegation that he fraudulently concealed known facts. See Pospisil v. Pospisil, supra, 451. The plaintiff does not allege which facts, if any, were known and undisclosed by the defendant at the time of the trial.
Based on the foregoing, the court finds that the first count of the plaintiff's Revised Petition is legally insufficient and accordingly, the defendant's motion to strike the first count should be granted.
Count Two — Newly Discovered Evidence
The second count of the plaintiff's petition alleges the following additional facts: Since the dissolution trial in which judgment was entered on December 3, 1997, the plaintiff has discovered material evidence in her favor, which evidence she failed to discover, before or during trial, although she used all reasonable diligence in endeavoring to find testimony in her favor. Said newly discovered evidence comes from published news reports in the February 15, 1999, issue of Barron's
regarding the defendant's resignation from his employment which indicate that the defendant retained all his unvested employee benefits notwithstanding his resignation and that receipt of the benefits does not depend on future employment services by the defendant. The plaintiff alleges that the judgment made in absence of this information, and based upon contrary sworn representations by the defendant is unjust.
The defendant moves to strike count two on the ground that it is well-settled law that evidence of a post trial event is not "newly discovered evidence" that can support a petition for a new trial. In support of this argument, the defendant cites State v. Goodwin, 3 Conn. Cir. 386, 391, 215 A.2d 913, cert. denied, 153 Conn. 725, 213 A.2d 525
(1965), which holds that evidence offered as newly discovered evidence in support of a motion for a new trial is inadmissible "because it had no existence at the time of trial." The defendant also cites decisions from other jurisdictions that impose similar limitations on the concept of "newly discovered evidence."[4] The defendant asserts that the reason for protecting final judgments from collateral attack based on post trial events is that such a procedure could result in the perpetual continuation of all trials.
In opposition, the plaintiff argues that her petition alleges that the newly discovered evidence upon which she relies existed at the time of trial. In her memorandum, the plaintiff argues that "[t]he newly discovered evidence in this case is the continued availability of various payments and benefits without the need for future employment." (Plaintiff's memorandum (10/30/00), p. 4.) The plaintiff contends that CT Page 3422 the fact that the evidence came to light as a result of post trial events does not automatically establish that the evidence did not exist at the original trial.
The standard for granting a petition for a new trial based on newly discovered evidence is well established: "The petitioner must demonstrate, by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial." (Internal quotation marks omitted.) Seebeck v. State, 246 Conn. 514, 535-36, 717 A.2d 1161 (1998); accord Summerville v. Warden, 229 Conn. 397, 426, 641 A.2d 1356 (1994).
Moreover, "[a] party is entitled to a new trial on the ground of newly discovered evidence if such evidence is, in fact, newly discovered, will be material to the issue on a new trial, could not have been discovered and produced, on the trial which was had, by the exercise of due diligence, is not merely cumulative and is likely to produce a different result. . . . This rule is necessary, for without it there might never be an end to litigation. . . . New trials are not granted upon newly discovered evidence which discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result. . . . The basic question which the trial court has to decide is whether upon all the evidence an injustice had been done. In deciding this question, the court has the exercise of a sound legal discretion, and its action cannot be disturbed unless this discretion has been abused." (Citations omitted; internal quotation marks omitted.) Burr v. Lichtenheim, 190 Conn. 351, 355, 460 A.2d 1290 (1983); see also In re James L., 55 Conn. App. 336, 345, 738 A.2d 750, cert, denied, 252 Conn. 907, 743 A.2d 618 (1999).
This court finds that the plaintiff's second count is legally insufficient in that it fails to allege the existence of any newly discovered evidence that can properly support a petition for a new trial. As previously indicated, a petition for a new trial based on newly discovered evidence requires, among other things, a factual allegation that "(1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence."Seebeck v. State, supra, 246 Conn. 535-36. By definition, evidence of post trial events can never be discovered at the time of trial, regardless of the degree of diligence exercised. If evidence of post trial events or changed circumstances constituted "newly discovered evidence," such evidence would always support a petition for a new trial, provided that the other requirements listed in Seebeck were sufficiently alleged. Consequently, the "due diligence" requirement of Seebeck would be CT Page 3423 rendered meaningless and there would seldom be finality to judgments. Extending the doctrine of newly discovered evidence to include these results runs counter to logic, precedent and public policy. Accordingly, the court finds that in order to support a petition for a new trial, evidence alleged to be "newly discovered" must be based upon facts in existence at the time of trial. State v. Goodwin, supra, 3 Conn. Cir. 386.
The plaintiff now argues that "[t]he newly discovered evidence in this case is the continued availability of various payments and benefits without the need for future employment"; (Plaintiff's Memorandum (10/30/00), p. 4.); however, the second count of the plaintiff's petition does not contain such an allegation. The plaintiff's second count does allege that "judgment was entered on December 3, 1997" and that the "newly discovered evidence comes from published news reports in the February 15, 1999 issue of Barron's (Plaintiff's petition, Count 2, ¶¶ 1, 7.) These allegations and others suggest that the plaintiff relies on post trial events to constitute newly discovered evidence in support of her petition for a new trial. None of the allegations in the second count, even when viewed in the light most favorable to the plaintiff, can be construed to support the plaintiff's argument that she relies on evidence or facts that existed at the time of the trial. Based on the foregoing, the court finds that the second count of the plaintiff's Revised Petition is legally insufficient and accordingly, the defendant's motion to strike the second count should be granted.
 ORDER
IT IS HEREBY ORDERED THAT:
 1. Plaintiff's Motion to Dismiss Amended Motion to Strike (#119) and her Objection to Amended Motion to Strike (October 30, 2000) are hereby DENIED.
 2. Defendant's Amended Motion to Strike (#117.5) Counts One and Two of the plaintiff's Revised Petition for New Trial (#107) are hereby GRANTED.
THE COURT
SHAY, J.