## CONSTANTINE MACRICOSTAS *v.*
## JEROME P. KOVACS
## (AC 21333)

Foti, Landau and O'Connell, Js.

Argued September 14—officially released November 27, 2001

*Jerome P. Kovacs*, pro se, for the appellant (defendant).

*Peter E. Gillespie*, for the appellee (plaintiff).

*Opinion*

LANDAU, J. The defendant, Jerome P. Kovacs, appeals from the judgment rendered in favor of the plaintiff, Constantine Macricostas, on her complaint and on the defendant's counterclaim pursuant to the trial court's granting of the plaintiff's motion for summary judgment. The defendant claims that the court improperly concluded that there were no genuine issues of material fact. We affirm the judgment of the trial court.

The appeal arises out of an action to quiet title to real property. The plaintiff became the owner of certain parcels of land in Newtown and Brookfield as the successful bidder at a foreclosure sale held on July 31, 1999. Before the court approved the sale, the defendant submitted to the plaintiff a one page offer to purchase the land and a $5000 check, representing 1 percent of the purchase price. The parties entered into a binder agreement subject to the negotiation of a contract. Through their respective counsel, the parties attempted to negotiate a contract, but were unable to do so. On October 20, 1999, the plaintiff's counsel informed counsel for the defendant that the plaintiff considered the matter closed and that he was entertaining other offers to buy the land. The plaintiff negotiated a contract of sale with a third party, but they were unable to consummate the transaction because the defendant had encumbered the titles to the various parcels by filing his offer to purchase on the land records in Newtown and Brookfield.

To clear the titles, the plaintiff commenced the present quiet title action in November, 1999. The defendant answered the complaint, and alleged a counterclaim seeking specific performance and damages. The plaintiff asserted three special defenses to the counterclaim. In July, 2000, the plaintiff filed a motion for summary judgment along with his affidavit and supporting documents. The defendant submitted an affidavit in opposition to the motion for summary judgment. On October 2, 2000, following oral argument, the court granted the plaintiff's motion for summary judgment on the complaint and the counterclaim.[1] The defendant appealed to this court.

---

[1] When it granted the plaintiff's motion for summary judgment, the court wrote on the order: "The affidavits and exhibits thereto clearly indicate that there is no genuine issue as to any material fact. There was never a 'contract' between the parties for the purchase and sale of the disputed real estate."

The plaintiff filed a motion for articulation asking the court to articulate a number of issues related to the relief it intended to grant when deciding the plaintiff's summary judgment motion.[2] The motion for articulation did not seek to elucidate the factual or legal basis for the court's conclusion that no genuine issues of material fact existed as to why there was no contract between the parties. The court granted the motion for articulation and filed a memorandum of decision addressing each of the issues the plaintiff raised.

"The standards governing our review of a trial court's decision on a motion for summary judgment are clear. Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See *Connecticut Bank & Trust Co.* v. *Carriage Lane Associates*, 219 Conn. 772, 780–81, 595 A.2d 334 (1991); *Lees* v. *Middlesex Ins. Co.*, 219 Conn. 644, 650, 594 A.2d 952 (1991); *Trotta* v. *Branford*, 26 Conn. App. 407, 409, 601 A.2d 1036 (1992). While the burden of showing the nonexistence of any material fact is on the party seeking summary judgment; see *D.H.R. Construction Co.* v. *Donnelly*, 180 Conn. 430, 434, 429 A.2d 908 (1980); the party opposing [summary judgment] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . *Bassin* v. *Stamford*, 26 Conn. App. 534, 537, 602 A.2d 1044 (1992). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the

[2] The plaintiff asked the court to articulate the following issues: (1) whether the court rendered judgment in favor of the plaintiff on the complaint and counterclaim, (2) whether the court concluded that the defendant has no right, title or interest in the land and (3) whether the court intended to award the plaintiff (a) costs, (b) attorney's fees or (c) any other relief.

nonmoving party. *Strada* v. *Connecticut Newspapers, Inc.*, 193 Conn. 313, 317, 477 A.2d 1005 (1984). . . . *Cortes* v. *Cotton*, 31 Conn. App. 569, 572–73, 626 A.2d 1306 (1993)." (Internal quotation marks omitted.) *Rosario* v. *Hasak*, 50 Conn. App. 632, 636–37, 718 A.2d 505 (1998).

We are mindful that the defendant has represented himself in the trial court and before us. "[I]t is the established policy of the Connecticut courts to be solicitous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party. *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d 323 (1999). Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law. . . . *Zanoni* v. *Hudon*, 42 Conn. App. 70, 77, 678 A.2d 12 (1996)." (Internal quotation marks omitted.) *Strobel* v. *Strobel*, 64 Conn. App. 614, 617–18, 781 A.2d 356, cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § [60-5] . . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative. . . . We have, on occasion, reviewed claims of error in light of an unsigned transcript as long as the transcript contains a sufficiently detailed and concise statement of the trial court's findings. . . . Where the transcript does not reveal the basis of the court's factual conclusion, we will not review the appellant's claims." (Citations omitted;

internal quotation marks omitted.) *Strobel* v. *Strobel,* supra, 64 Conn. App. 621.

We have reviewed the transcript, filed on appeal, of the oral argument before the trial court and can discern no factual or legal basis stated by the court for its decision. We therefore decline to review the defendant's appeal because the record is inadequate.

The judgment is affirmed.

In this opinion the other judges concurred.