## CORINE CARR *v.* FLEET BANK
## (AC 22260)

Lavery, C. J., and Dranginis and Bishop, Js.

Submitted on briefs September 16—officially released November 19, 2002

*Corine Carr*, pro se, the appellant (plaintiff), filed a brief.

*Erica W. Todd* filed a brief for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Corine Carr, appeals from the trial court's judgment denying her motion to open the judgment of dismissal. The plaintiff claims that the court improperly denied the motion because the defendant, Fleet Bank, acted fraudulently by failing to provide her with the name of its registered agent for service of process, which led to the judgment of dismissal. We affirm the judgment of the trial court.

The following procedural history is relevant. On December 1, 2000, the plaintiff endeavored to commence an action against the defendant seeking damages for injuries she allegedly suffered at one of its drive through teller stations.[1] In her complaint, the plaintiff alleged that the bank teller operated the tray at the drive through station in such a manner as to cause a noise that resulted in the plaintiff's suffering an ear injury and permanent hearing loss, and that the teller operated the station in a negligent and malicious manner.

On February 16, 2001, the defendant filed a motion to dismiss the action in which it claimed that service of process had not been made on its duly authorized agent for service.[2] See General Statutes § 33-929 (a). On April 30, 2001, the court granted the defendant's motion to dismiss. On July 26, 2001, the plaintiff filed a motion to open the judgment, stating as the grounds therefor "fraudulent contrivance and prejudice by the defendant," and arguing, inter alia, either that the defendant would not tell her who its registered agent was so that she could effect a proper service of process or that the defendant had conveyed inaccurate information to her regarding the identity of its agent. On July 27, 2001, the defendant objected to the plaintiff's motion to open, and on August 14, 2001, the court sustained that objection. This appeal followed.

We first note our standard of review. "[I]n granting or denying a motion to open a judgment, the trial court is required to exercise a sound judicial discretion and

---

[1] The plaintiff has proceeded pro se in both the trial court and on appeal.

[2] Practice Book § 10-31 (a) provides in relevant part that "[t]he motion to dismiss shall be used to assert . . . (4) insufficiency of process, and (5) insufficiency of service of process. . . ." According to an appended affidavit of Laura Giuliano, a branch manager for the defendant, a sheriff had served her with a civil summons on or about January 11, 2001, but she lacked authority to accept service of process on behalf of the defendant.

its decision will be set aside only for an abuse of such discretion." (Internal quotation marks omitted.) *Conway* v. *Hartford*, 60 Conn. App. 630, 634, 760 A.2d 974 (2000). "In an appeal from a denial of a motion to open a judgment, our review is limited to the issue of whether the trial court has acted unreasonably and in clear abuse of its discretion. . . . Whether proceeding under the common law or a statute, the action of a trial court in granting or refusing an application to open a judgment is, generally, within the judicial discretion of such court, and its action will not be disturbed on appeal unless it clearly appears that the trial court has abused its discretion." (Citations omitted; internal quotation marks omitted.) *Carlin Contracting Co.* v. *Dept. of Consumer Protection*, 49 Conn. App. 501, 502–503, 714 A.2d 714 (1998).

A court may open a judgment obtained by fraud, including fraudulent nondisclosure. *Pospisil* v. *Pospisil*, 59 Conn. App. 446, 449–50, 757 A.2d 655, cert. denied, 254 Conn. 940, 761 A.2d 762 (2000). "Fraud involves deception practiced in order to induce another to act to her detriment, and which causes that detrimental action. . . . The four essential elements of fraud are (1) that a false representation of fact was made; (2) that the party making the representation knew it to be false; (3) that the representation was made to induce action by the other party; and (4) that the other party did so act to her detriment. . . . Fraud by nondisclosure, which expands on the first three of these four elements, involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak." (Citation omitted; internal quotation marks omitted.) Id., 450.

We are mindful that the plaintiff has represented herself throughout the proceedings, and that "[i]t is the established policy of the Connecticut courts to be solici-

tous of pro se litigants and when it does not interfere with the rights of other parties to construe the rules of practice liberally in favor of the pro se party." (Internal quotation marks omitted.) *Macricostas* v. *Kovacs*, 67 Conn. App. 130, 133, 787 A.2d 64 (2001). Nonetheless, the record for this appeal contains neither a memorandum of decision nor a transcript signed by the trial judge, and the plaintiff did not seek an articulation of the court's ruling. As such, there is nothing evidencing the court's factual findings or legal conclusions regarding the plaintiff's allegations of fraud. "Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id.

"The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § [61-10] . . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the plaintiff's claim] would be entirely speculative." (Internal quotation marks omitted.) Id.

Because the record is incomplete, we are left only with the plaintiff's assertions that the defendant, by declining to assist her in prosecuting her action against it, acted fraudulently. Without the court's findings regarding what, if anything, the defendant told the plaintiff, what the defendant knew and intended at the time, and what the plaintiff did as a consequence, we cannot conclude that the court abused its discretion.

The judgment is affirmed.